### SIMMONDS et al. v. ST. LOUIS B. & M. RY. CO.

No. 1381—5552.

Commission of Appeals of Texas, Section A.

June 25, 1930.

swering the questions submitted, decided to render a verdict for the defendant, and to answer the issues submitted in such a way as to render the verdict for the defendant, and then proceeded to answer 'the issues in order to sustain their verdict previously agreed upon.

Several of the jurors were called to testify before the trial court upon plaintiffs' motion for a new trial, and the court overruled the motion. No findings of fact or conclusions of law were filed. Upon appeal, the honorable Court of Civil Appeals found that the jury was guilty of misconduct, as contended for by plaintiffs, and says:

"The only assignment of error and the one proposition thereunder attack the verdict on the ground of misconduct of the jury. It is clear from the testimony of the four jurors whose evidence was taken, that the jury, before answering any question, had reached the conclusion that appellants should not recover and determined that the fourth question, the only one about which there was any dispute, should be answered so as to prevent a recovery on the part of appellants."

Article 2189, R. S. 1925, among other things, provides:

"In all jury cases the court may submit said cause upon special issues without request of either party, and, upon request of either party, shall submit the cause upon special issues raised by the pleadings and the evidence in the case. Such special issues shall be submitted distinctly and separately. Each issue shall be answered by the jury separately."

 It is plain that it was the intention of the Legislature, in enacting the foregoing article, that, when a case is submitted to the jury on special issues, such special issues shall be submitted distinctly and separately, and it is the duty of the jury to answer each issue distinctly and separately, without any regard as to the legal effect of such answers. It is the duty of the court to render judgment based upon findings of the jury to the special issues submitted. In other words, it is the duty of the jury to make findings of fact from the evidence, and that of the court to apply the law to the findings made by the jury and render a proper judgment thereon. The courts of this state have held, and it now seems to be the settled rule, that the purpose of article 2189 is to prevent a jury from first determining that they will give a party to the suit a verdict, and to then frame their answers so as to carry out their agreement. That the principal object in submitting a case to the jury upon special issues is that they should be removed from any bias or prejudice in favor of or against the parties by reason of the effect of their

Boone & Savage and Felix A. Raymer, all of Corpus Christi, for plaintiffs in error.

Kleburg & North and M. G. Eckhardt, Jr., all of Corpus Christi, for defendant in error.

SHARP, J.

This suit was instituted by Simmonds and Perry against the St. Louis, Brownsville & Mexico Railway Company for the value of a mule. The case was submitted to the jury upon special issues. Based upon the findings of the jury to the special issues, the trial court entered a judgment in favor of the defendant. An appeal was taken to the Court of Civil Appeals for the Fourth Supreme Judicial District at San Antonio, and the judgment of the lower court was affirmed. We refer to the opinion of the Court of Civil Appeals for a full statement of the nature and result of this suit. 18 S.W.(2d) 845.

We will refer to the parties in this suit as plaintiffs and defendant, as they were designated in the trial court.

The sole question for determination in this suit is raised by an assignment of error to the effect that the judgment of the trial court should be set aside on the ground of misconduct of the jury. Under this assignment, it is contended that the jury in their retirement first discussed the case upon the general question of whether the plaintiffs or defendant should recover, and, before an-

answers. The jury should answer each special issue as they find the facts to be from the evidence, without regard to its effect upon the judgment to be rendered in the cause.

We think the facts of this case bring it under the rule announced in the following cases: Moore v. Ivey (Tex. Com. App.) 277 S. W. 106; G., C. & S. F. Ry. Co. v. Harvey (Tex. Com. App.) 276 S.'W. 895; McFaddin v. Hebert (Tex. Com. App.) 15 S.W.(2d) 213.

It would be useless to further discuss this question, because the foregoing opinions fully and ably discuss this very question, and each of those opinions has been adopted by the Supreme Court and they form, in our opinion, the basic rule for the protection of the rights of litigants in the trial of cases in the courts of this state.

It is earnestly contended that the case of Railway Co. v. Cole (Tex. Com. App.) 14 S. W.(2d) 1024, 1025, controls this case. In our opinion, the facts of the Cole Case distinguish it from the case at bar. In the Cole Case the trial court heard testimony pertaining to the misconduct of the jury in answering special issues submitted to them, and held, in effect, that there was no misconduct on the part of the jury, and upon appeal the Court of Civil Appeals held with the trial court that the jury was not guilty of misconduct. Based upon this statement and findings of fact by both the trial court and the Court of Civil Appeals, Judge Leddy correctly held as follows:

"The trial court, in overruling the motion for new trial, made no express finding on this conflicting evidence. In deference to this ruling, we must indulge the presumption that the court accepted the version given by the jurors who testified that the particular misconduct complained of did not occur."

It is true that in this case the trial court overruled the motion for new trial on the ground of misconduct of the jury, but the Court of Civil Appeals overruled and destroyed the presumption that prevailed in the ruling of the trial court, that the jury was not guilty of misconduct in distinctly finding, as we have already set out, that the jury was guilty of misconduct. By reason of the finding of the Court of Civil Appeals that the jury was guilty of misconduct, as contended for by plaintiffs, the rule laid down in the Cole Case does not apply, but the rule laid down in Moore v. Ivey, G., C. & S. F. Ry. Co. v. Harvey, and McFaddin v. Hebert, supra, does apply.

We therefore recommend that the judgment of the Court of Civil Appeals and trial court be reversed, and this cause be remanded for a new trial.

CURETON, C. J.

Judgments of the county court and Court of Civil Appeals reversed, and cause remanded to the county court.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.