## SCOTTINO v. LEDBETTER.

### No. 11090.

Court of Civil Appeals of Texas. Dallas. Jan. 7, 1933.

Leake, Henry & Young, of Dallas, for appellant.

W. L. Thornton and John W. West, both of Dallas, for appellee.

JONES, C. J.

In a district court of Dallas county, appellee, Forrest Ledbetter, a minor, recovered judgment against Joe Scottino, appellant, in the sum of $3,750, damages for personal injuries received by appellee while in appellant's employ. The appeal has been duly per-

fected to this court, and the following are the essential facts:

Appellant owned and operated the "Top Notch Bakery," in the city of Dallas, and appellee, a minor, was working in the bakery as an employee of appellant. Appellee, on the occasion in question, was nineteen years of age and prosecutes this suit through Mrs. Carl E. Lewis, as next friend. Appellant operated the bakery on the first floor of a two-story building situated on Bole street in the city of Dallas, and lived with his family in the second story of such building. According to appellant's testimony, he employed only two persons in his business, to wit, appellee, who worked in the bakery, and one other person. According to appellee's testimony, there were four persons employed in connection with appellant's business. Under a proper submission by the court, the jury made a finding, on this conflicting testimony, that appellant had as many as three employees working in his business at the time appellee was injured. This finding of the jury, being on conflicting testimony, we adopt and find as a fact that appellant had as many as three employees working in his business at such time.

On November 20, 1927, appellee was engaged in the performance of a duty of his employment and was operating the dough brake machine, rolling flour dough to be used in making dumplings, and while engaged in this business one of his hands was caught in the roller of such machine and was so badly mangled that amputation below the elbow joint became necessary. Appellant did not carry compensation insurance under the Workmen's Compensation Law (Rev. St. 1925, art. 8306 et seq., as amended), and hence the suit filed by appellee was a common-law action for damages.

Appellee alleged that he suffered the injuries on the occasion in question through the negligence of appellant on two specified acts of negligence, viz.: (a) That appellant was guilty of negligence in operating the dough brake machine without a guard rail around the machine roller; and (b) that while appellee was engaged in the work of rolling the dough, appellant negligently shoved him aside, through which act appellee was caused to lose his balance and his hand thereby was thrown into the roller of the dough brake machine and his injury resulted. Each of said grounds of negligence was alleged to have been a proximate cause of appellee's injury.

Appellant, in his answer, denied the existence of each of the alleged grounds of negligence, and pleaded the defenses of contributory negligence and assumed risk.

The evidence offered by appellee tended to prove both grounds of alleged negligence, and also that appellant had as many as three employees, and thereby was legally entitled to carry compensation under the Workmen's Compensation Law.

Appellant's evidence tended to disprove both of the alleged acts of negligence, and also to establish the fact that he did not have as many as three employees at the time of appellee's injuries, and hence could not secure compensation insurance, and therefore was not denied the common-law defenses of contributory negligence and assumed risk pleaded by him in his answer. Other than the facts that the dough brake machine was not equipped with a guard rail and that appellee was injured to the extent of losing his right hand, all of the essential facts to warrant a recovery rested on disputed evidence. These essential facts were submitted in the form of special issues to the jury and a verdict rendered thereon.

The findings of the jury on these special issues are as follows: (1) Appellant was not guilty of negligence in the failure to equip the dough brake machine with a guard rail; (3) appellant pushed appellee into such proximity to the roller of the dough brake machine as that his right hand passed between said rollers; (4) such act of appellant was negligence; (5) such negligence was a proximate cause of appellee's injury; (6) on the day appellee was injured appellant had in his employ in his bakery business as many as three employees who worked in such business; (10) the sum of $3,750 is assessed as compensation for appellee for his injuries. Special issues Nos. 7, 8, and 9 submitted the defensive issues of contributory negligence and assumed risk, respectively, but were not answered because of the instruction of the court that they be answered only in the event of a negative answer to special issue No. 6. The various grounds on which appellant urges a reversal of this case will appear in the discussion herein. On each of these grounds appellant properly assigned error and in a proper manner presents each to this court.

Section 2 of article 8306, R. S. 1925, provides that the provisions of the Workmen's Compensation Law "shall not apply to actions to recover damages for personal injuries nor for death resulting from personal injuries sustained by domestic servants, farm laborers, ranch laborers, nor to employees of any firm, person or corporation having in his or their employ less than three employees. * * *" Section 1 of article 8306 abolishes the defenses of contributory negligence, the negligence of a fellow employee, and assumed risk. It therefore appears that, if appellant had as many as three employees working in his business, he is deprived in this suit of the common-law defenses specifically named in said section 1 of article 8306, and that no other penalty is inflicted by law upon an employer of labor for a failure to carry compensation insurance. It necessarily follows that, if none of these common-law de-

fenses, under the evidence, have application to the ground of negligence made the basis for the judgment in favor of appellee, the law depriving appellant of such defenses inflicts no penalty on him whatever, and the fact that error may have been committed in submitting the issue as to the number of appellant's employees becomes immaterial for the reason that the same rule of law would apply whether he had two or more than two employees. Appellee placed one ground of recovery upon the alleged negligence of appellant in his failure to have provided a guard rail on the dough brake machine, but the jury, by the finding that appellant's failure in this respect was not negligence, eliminated this issue from the case against appellant. On this ground of recovery alleged by appellee, there would have been the common-law defense of contributory negligence and also of assumed risk, if appellant had less than three employees. If he had as many as three employees, the statute above quoted would have deprived him of this defense. While we cannot agree with appellant that the evidence does not raise the issue that appellant had the requisite number of employees to bring him within the provisions of the Workmen's Compensation Act, yet, if appellant be correct and the undisputed evidence shows, as appellant contends, that he had only two employees, that the court erred in submitting such issue to the jury, and that the finding of the jury is without support in evidence, still as to this ground of recovery appellant can show no injury whatever because of the finding of the jury in his favor.

■ The other ground of recovery is based on the alleged negligence of appellant in purposely shoving appellee, and that thereby he was caused to place his hand into the dough brake machine from which his injury resulted. The evidence on this ground of recovery does not raise the issue either of contributory negligence, assumed risk, or the negligence of a fellow employee. In other words, the submission of this ground of recovery to the jury as an issue would be the same whether appellant had three or less than three employees in his business. We therefore conclude that the assignments of error in respect to this issue do not show reversible error.

■ While appellee was on the witness stand and being interrogated by his lawyer, he was asked, "Did you ever learn from Scottino himself whether he had compensation insurance out there that would protect his employes if they were injured?" To which the witness responded: "All I have to say is, when I lost my hand, he said 'Don't worry, I have everything covered; I have insurance; you will be taken care of.' That was the time I lost my hand."

Before the question propounded was answered, appellant objected on the ground that any reference to insurance or indemnity was immaterial and irrelevant, and after the witness had made the above answer, appellant moved to strike same out, on the ground that: "The answer creates the impression that the defendant had indemnity insurance, and was protected by indemnity, and that some insurance company was standing behind the defendant's responsibility, when absolutely there was nobody standing behind him at all." The court overruled the objection made by appellant prior to the answer, and overruled the motion to strike out the answer, but instructed the jury, in effect, that they would draw no inference, from the answer, that appellant carried indemnity insurance, and to consider the answer only on the issue as to the number of employees appellant had in his business. It was stated by counsel for appellee that the court could instruct the jury that appellant did not carry indemnity insurance, and frequently stated by appellant's attorney in the presence of the jury that it would be shown that appellant had no character of insurance. Appellant also filed a motion requesting the court to withdraw the case from the jury and to declare a mistrial, because of this evidence. This motion was overruled.

We are inclined to the opinion that no reversible error is here presented. Appellee was an employee of appellant, who was operating a business not exempted from the provisions of the Workmen's Compensation Law, unless there were less than three employees working for him in such business. Appellee's contentions are that appellant had as many as three employees in his business, and did not carry compensation insurance. The only cause of action open to appellee, if appellant did not carry compensation insurance, was the common-law action instituted by appellee, and it was necessary for him to show that appellant did not carry compensation insurance in order to maintain such common-law action. The question, therefore, was upon a material issue and not objectionable, because its only effect was to develop the fact that appellant did not carry compensation insurance. It was clearly brought to the attention of the jury, both by the claim of appellant and the claim of appellee, that appellant did not carry indemnity insurance. This being made clear to the jury, although the answer of the witness was not directly responsive and carried with it the suggestion that there might be indemnity insurance, still, in view of the facts above stated, we do not see any prejudicial error to appellant. The assignment of error in this respect is overruled.

■ A more serious question is presented by the assignment of error complaining of alleged misconduct of the jury and the ruling of the trial court in respect thereto. In his motion for a new trial, appellant alleged, in

effect, that the jury, before passing upon any of the special issues, considered the question as to whether appellee was entitled to recover damages for his injury, and each juror voted that, in his opinion, appellee was entitled to damages. The evidence of three jurors was heard by the court on this plea of misconduct, and the court made a finding of fact on this issue by adopting, as stating the facts in respect to this issue, the testimony of W. H. Cullom, foreman of the jury. This testimony, as set out in the court's findings, is as follows: "Before we answered any of the special issues submitted to us, we took a vote to determine whether the jury thought that the plaintiff, Forrest Ledbetter, was entitled to have damages in some sum against the defendant, Scottino, and my best recollection is that the jurors were unanimous that Ledbetter was entitled to some damages. Following the taking of that vote, the jury then proceeded to answer the special issues and did answer them."

On cross-examination the witness testified:

"The answer to each special issue is what I believed under the facts and law of the case, as submitted to the jury, by the court, was the correct answer to each such special issue.

"I did not feel that I was bound and compelled to answer any special issue either 'yes' or 'no', by reason of the vote taken by the jury as to whether Ledbetter was entitled to damages.

"In other words, my answer, and the answers of the other jurors was my independent judgment and finding in answer to each special issue.

"Such answers were made after due deliberation, one by one, after a vote taken on each issue.

"I am not sure but that the vote taken on the question of damages prior to answering the issues was only a tentative vote to see where we stood on that one proposition.

"The entire jury, so far as I know, and I am speaking for myself as well as the others, based their answers to each special issue on the facts as we heard them from the witness stand. In other words, we were seeking to answer the special issues according to the evidence as submitted to us under the ruling of the court, and the law as given to us in the court's charge.

"Mr. H. R. Milheuser, one of the jurors, after being first duly sworn, testified substantially the same as Mr. W. H. Cullom, to whose testimony, reference is here made for a substantial statement of the testimony of Mr. Milheuser.

"The court finds that such testimony is true, and is a fact.

"Mr. S. M. Haley, one of the jurors, after being first duly sworn, testified substantially the same as Mr. W. H. Cullom, to whose tes-

timony reference is here made for a substantial statement of the testimony of Mr. Haley.

"The court finds that such testimony is true, and is a fact."

At the hearing, appellant testified that he endeavored to talk to two other members of the jury besides those who testified, and that they refused to give him any information as to what occurred in the jury room, and the court finds this testimony to be correct. The trial court also sets out the conclusion of law on the evidence offered, as follows:

"The court finds as a matter of law that a fair construction of the testimony given by the jurors, Cullom, Milheuser and Haley, and by the defendant, Scottino, does not show an agreement to be bound by the ballot taken and complained of by the defendant, and therefore does not constitute misconduct of the jury on the trial of this case, and does not show that any harm resulted to the defendant, or probably resulted to the defendant.

"The court further finds as a matter of law that such facts do not constitute misconduct of the jury that would entitle the defendant to a new trial in this case."

The leading case on this question, and the one on which appellant relies, is that of Simmonds et al. v. St. Louis, B. & M. Ry. Co., 29 S.W.(2d) 989, by the Commission of Appeals, and expressly approved by the Supreme Court.

If the facts, as above set forth, bring the instant case within the rule of law announced in the reported case, then the overruling of appellant's motion for a new trial on this ground shows such an abuse of discretion by the trial court as will call for a reversal of this case.

The holding in the reported case is based on a construction of article 2189, R. S. 1925. This article contains the following provision: "In all jury cases the court may submit said cause upon special issues without request of either party, and, upon request of either party, shall submit the cause upon special issues raised by the pleadings and the evidence in the case. Such special issues shall be submitted distinctly and separately. Each issue shall be answered by the jury separately."

In the reported case, it appears as a fact that when the jury retired they agreed, before making a finding on any of the special issues submitted, that the plaintiff ought not to recover, and further agreed that the special issues submitted should be answered in such a way as would cause a judgment to be rendered for defendant, and then proceeded to carry out this agreement by making answers to the special issues in harmony with their expressed view as to the merits of the case. This was held to be misconduct of the jury, in that, it violated the spirit of the statute above quoted. It is held in this case that,

under this statute, it is the duty of the jury to answer each issue submitted distinctly and separately, without any regard as to the legal effect of such answers. This holding, we think, is undoubtedly correct and aptly expresses the intention of the Legislature in the enactment of this statute. Whenever a juror answers a question submitted in a special issue, with the distinct purpose in view that his answer shall have a preconceived legal effect as to the judgment to be rendered, he violates the clear intention of this statute, and is guilty of misconduct. On the other hand, though a juror may entertain the opinion that the one or the other of the parties to the litigation should prevail, yet, if he considers each special issue without regard to the legal effect of the answer to be made, but solely from the viewpoint of arriving at a correct conclusion under the evidence as to the disputed issue of fact he as a juror is considering, and agrees to the verdict on such special issue solely from the viewpoint of the evidence, he is not guilty of misconduct, because of a preconceived opinion as to the merits of the case.

Do the facts of this case sustain the findings of the trial judge, and bring the case within the rule that absolves the jury from misconduct? We are inclined to the opinion that they do.

A careful reading of the case of Simmonds et al. v. St. Louis, B. & M. Ry. Co., supra, as well as the cases therein cited, shows that the finding of misconduct of the jury was not based on the fact that the jurors entertained and expressed the view that one of the parties was entitled to judgment in his favor, but was based on the agreement of the jury to return an answer to the special issues submitted that would require a judgment in harmony with the view that they had expressed before any consideration of the special issues. There is no implied prohibition in this statute against a juror's entertaining a view as to which party should recover in the cause under consideration, but the implied prohibition is against the juror's considering what would be the legal effect of a finding in respect to the view he entertains on the merits of the case. Each of the three jurors testified, in effect, that in reaching a conclusion on each of the special issues, he did so without regard to the legal effect of the answer made, and the trial court found as a fact that the evidence heard upon this motion does not show an agreement to be bound by the ballot taken and complained of by defendant. The evidence, in our opinion, clearly authorized such finding and is therefore controlling on this court. St. Louis, B. & M. Ry. Go. v. Cole (Tex. Com. App.) 14 S.W.(2d) 1024. All assignments of error in respect to the alleged misconduct of the jury are overruled.

It necessarily follows that, in our opinion, no reversible error was committed by the trial court, and the judgment should be affirmed.

Affirmed.