## EISENBERG v. GREAT ATLANTIC & PACIFIC TEA CO.

### No. 11248.

Court of Civil Appeals of Texas. San Antonio.

Feb. 17, 1943.

Delos Finch, of San Antonio, for appellant.

Kampmann, Burney & Dobbins, of San Antonio, and Touchstone, Wight, Gormley & Touchstone, of Dallas, for appellee.

NORVELL, Justice.

John E. Eisenberg, plaintiff below, has appealed from a judgment based upon a peremptory instruction that he take nothing. The case is before us upon two points.

The first point is overruled. Appellant complains of the trial court's action in sustaining special exceptions to certain allegations of his petition. Appellant claimed that he was injured while employed as a butcher in the meat department of one of appellant's retail stores. The allegations of the petition which were stricken by the trial court related to that part of the pleading wherein it was asserted that appellant was not a subscriber to the Workmen's Compensation Law,

Articles 8306 et seq., Vernon's Ann.Civ. Stats., and was by reason of certain facts pleaded deprived of the enumerated defenses mentioned in said Act. In our opinion, the trial court's rulings were entirely correct, but even if they be considered erroneous appellee was in no way injured as a result thereof. Although the evidence indicates that appellee provided some form of payment to injured employees, it is not contended that appellee was a subscriber to the Act. Appellant was in no way prevented from proving that appellee was a non-subscriber. That fact is in effect conceded by appellee, who went to trial upon a general denial.

Under the express provision of Article 8306, § 1, Subd. 4, it was necessary that appellant prove negligence on the part of the employer or some agent or servant of such employer acting within the general scope of his employment.

■ The trial court based its peremptory instruction upon the holding that there was no evidence which would support a finding of negligence attributable to the employer, the appellee here. By his second point, appellant asserts this holding was error. The authority relied upon is McCray v. Galveston, H. & S. A. R. Co., 89 Tex. 168, 34 S.W. 95, wherein it is held in cases where the employee sues for injuries sustained by reason of the employer's negligence, such negligence may be established by proof of circumstances surrounding the occurrence which resulted in injury, although direct proof of negligence is lacking. The rule relied upon is, or at least similar to, the doctrine of res ipsa loquitur.

There is no evidence in the record which indicates that the particular part of the building in which the meat market was located was of sub-standard construction or arrangement. Nor is there any evidence that the method of operation of the market by appellee was deficient or faulty in any particular. It does appear that the general public has no access to that portion of the market where appellant was injured. It seems probable that only the appellant and another employee, appellant's superior, occupied the particular portion of the building which was set off from the remaining portions thereof by counters, refrigeration apparati and show-cases. The floor, as is usual and customary, was covered with sawdust.

Appellant was injured about 6:30 in the evening, shortly before closing time. He testified a number of times during the course of the trial as to how he received his injury. This testimony was repetitious and presented but one version of the occurrence, which is illustrated by the following excerpts from appellant's testimony:

"I carried the tub (of iced chickens) from the first to the second block which is close to the door—two feet—of the ice-box door—and opened the ice-box door, picked up the tub of chickens, and in the act of placing them in the ice-box, in doing so, my left foot slipped on some slippery substance and I went forward into the box door. * * *

"My left foot slipped; there was sawdust on the floor there, it is customary to keep sawdust on the floor of meat markets; the purpose is to keep them sanitary, clean, and also take up grease, any scraps that may be on the floor—I didn't pay any attention as to changing it because I never changed it—it was always around there while I worked there—I don't know about the custom of that place—other markets change two or three times a week for sanitary purposes, keep it clean. * * *

"I was lifting a tub of chickens, stepped on something and slipped—I slipped on some substance, my foot slipped on it—I didn't see anything—whatever it was I slipped on, I don't know how long it had been there, don't know who put it there—all I can tell the jury about it is I stepped on something and slipped, that's it. * * *"

It can not be said that mere proof of the fact that some greasy substance was upon the floor of the meat market at 6:30 in the evening shortly before closing time is in itself proof of negligence on the part of the employer, or some agent or servant of such employer acting within the general scope of his employment. There was no evidence that appellant's superior and fellow servant knew of the presence of the greasy substance upon the floor obscured by the sawdust prior to the time of appellant's injury and negligently failed to remove it.

■ Considering the nature of the business of selling meats and such food commodities as are generally handled by meat markets and the usual methods of operation of such markets, as well as the method of operation in use in the particular

market here involved, it can hardly be said that the presence of the particular substance upon the floor which contributed to appellant's injury was the result of negligence on the part of any one. The presence of sawdust on the floor indicates strongly that particles of meat, juices and kindred substances of a slick or greasy nature do fall upon the floor even though operations are conducted with ordinary prudence and care. Nothing but surmise and conjecture support appellant's contention that a finding of negligence would have support in the evidence, and this is wholly insufficient. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059; Davis v. Castile, Tex.Com.App., 257 S.W. 870.

Appellant's points are overruled and the judgment appealed from is affirmed.