## DALLAS RY. & TERMINAL CO.
## v. BAILEY.

### No. 2989.

Court of Civil Appeals of Texas.
Waco.

Dec. 6, 1951.

Rehearing Denied Jan. 26, 1952.

Burford, Ryburn, Hincks & Ford and Robert E. Burns, all of Dallas, for appellant.

Mullinax, Wells & Ball, Dallas, for appellee.

HALE, Justice.

This is a suit for damages on account of personal injuries resulting from an automobile collision which occurred in the outskirts of the City of Dallas on January 18, 1949. Appellee was riding in an automobile belonging to and being operated by her son in an easterly direction along Fort Worth Avenue when it struck the rear end

of appellant's bus while the latter was stopped on the south side of the street taking on passengers. At the place of the collision the paved portion of Fort Worth Avenue consisted of four traffic lanes, with a sloping graveled shoulder extending from each edge of the pavement to the boundary lines of the street. The paved roadway and graveled shoulders were covered with ice and snow to a depth of about four inches and by reason thereof the street was slippery and hazardous for automotive traffic.

The case was tried before a jury. Upon the conclusion of the evidence appellant moved the court for a peremptory instruction upon the ground that appellee was guilty of contributory negligence as a matter of law. The motion was overruled and 32 special issues were submitted to the jury. In response thereto the jury found in substance, among other things, that the operator of appellant's bus was negligent in stopping the bus on the paved portion of the roadway and such negligence was a proximate cause of the collision; that appellee did not fail to keep a proper lookout for the bus, she was not negligent in failing to warn her son of the presence of the bus, or in failing to request him to slow down the speed of his car, and she was not negligent in riding with her son under the existing circumstances; that the act of appellee's son in running into and against the rear of the bus was not a new and independent cause of the collision; and that the collision was not the result of an unavoidable accident.

In due time appellant filed and presented its motion for judgment non obstante veredicto. The motion was overruled and judgment was rendered in favor of appellee for her found damages in the sum of $5000.00. Appellant's motion for new trial was also overruled and the cause is now properly pending in this court for review on certain points of error which are germane to the grounds contained in the motion.

Points one to eleven in the brief of appellant relate to the general issue of contributory negligence. Appellant thereby contends that under the evidence appellee was conclusively shown to be guilty of contributory negligence as a matter of law. In the alternative, it further contends in effect that if there was any evidence which in law tendered any issue of fact for the jury with respect to the contributory negligence of appellee, then in that event the evidence as a whole was insufficient to support the findings of the jury relating thereto. Therefore, it insists that the trial court should have granted its motions for peremptory instruction and judgment non obstante, or, in the alternative, should have granted its motion for new trial on account of the insufficiency of the evidence to support the verdict of the jury.

In passing upon the foregoing contentions it is the duty of this court to view the evidence as a whole and all reasonable inferences and deductions that may properly be drawn therefrom in the light most favorable to the verdict and judgment. Unless reasonable minds could not differ in concluding from the undisputed evidence that some pleaded act or omission on the part of appellee constituted negligence and that such negligence on her part proximately caused or contributed to cause her injuries, we could not say the court below erred in overruling appellant's motion for a peremptory instruction or its motion for judgment non obstante, even though it might appear to us that the court should have granted appellant's motion for new trial on account of the insufficiency of the evidence to sustain the findings of the jury on the issues submitted.

The evidence was indefinite and somewhat conflicting as to the exact time of the day, the degree of natural light present, and the precise place on Fort Worth Avenue, when and where the collision occurred. Appellee alleged that it occurred about 6:50 A. M. and the jury found it occurred more than thirty minutes prior to sunrise. Appellee's son testified that the bus was in the south traffic lane completely on the paved portion of the roadway while appellant's bus operator testified that only the left wheels of the bus were on the pavement. Snow and sleet had been falling through the preceding night and some snow was falling at the time of the colli-

sion. Appellee and her son each testified that visibility in the car was poor, appellee testifying that she could see only about 15 or 20 feet ahead and that she first saw the bus when she was about 10 feet from it. Appellee's son testified that the headlights on his car were burning, that he first saw the bus when he was 18 or 20 feet from it and that he immediately applied the brakes on his car but because of the slippery condition of the street his car skidded into the bus. He and his mother each testified that they were looking ahead at and prior to the time of the collision and that their car was traveling at a rate of speed from 15 to 20 miles per hour at the time they first saw the bus and had been traveling at that same rate of speed for some time prior to the accident. Appellee did not caution her son or say anything to him about the manner in which he was driving or the dangers that might be incident thereto at any time during the course of the ride from her home to the point of the collision, the distance covering several city blocks.

In support of its contention that appellee was guilty of contributory negligence as a matter of law, appellant cites the holding in the following cases: Texas Mexican R. Co. v. Hoy, Tex. Com.App., 24 S.W.2d 18; Kypfer et al. v. Texas & P. Ry. Co., Tex.Civ.App., 88 S.W.2d 528 (er. dis.); Wichita Valley Ry. Co. v. Fite, Tex. Civ.App., 78 S.W.2d 714; Texas & N. O. R. Co. v. Stratton, Tex.Civ.App., 74 S.W. 2d 746 (er. ref.). On the other hand, in support of her contention with respect to the issue of contributory negligence, appellee cites the following: San Antonio Transit Co. v. McCurry, Tex.Civ.App., 212 S.W.2d 645, (er. ref. n.r.e.); Texas & N. O. R. Co. v. Skeen, Tex.Civ.App., 149 S.W.2d 1060, (er. dis. judg. cor.). Although the question is not entirely free from doubt in our minds, we have concluded that the court below did not err in overruling appellant's motion for a peremptory instruction or its motion for judgment non obstante veredicto in so far as the issue of appellee's alleged negligence is concerned. However, we do not deem it necessary to pass upon whether or not the evidence was sufficient to sustain the findings of the jury because we are of the definite opinion that the judgment appealed from must be reversed and the cause remanded for a new trial on account of other errors about which we have no doubt.

Point twelve in the brief of appellant is as follows: "The court erred in permitting the witness Hardy to testify over defendant's objections that it is not 'safe' to stop a bus on the highway under certain conditions." Hardy was tendered as a witness on behalf of appellee. After testifying that he had been a bus operator for Continental Trailways for approximately ten years, he was asked by counsel for appellee whether or not, from his experience as a bus operator, it was safe, under icy conditions, to stop a bus partly on the paved portion of Fort Worth Avenue at the point where the collision in this case occurred. Counsel for appellant promptly objected to the question on the ground that any answer thereto would constitute a conclusion on the part of the witness and would invade the province of the jury. The objection was overruled, appellant excepted and the witness testified that such an operation would not be safe. Thereafter, appellant made repeated objections to similar questions on the grounds that they invaded the province of the jury, called for conclusions and did not relate to the particular facts of the case; but the objections were overruled and the witness was permitted to repeat his testimony to the effect that such operation was not safe.

In our opinion the court erred to the prejudice of appellant in permitting the witness Hardy to testify over the foregoing objections of appellant that it was not safe to stop a bus on Fort Worth Avenue under the conditions about which he was interrogated. Houston & T. C. R. Co. v. Roberts, 101 Tex. 418, 108 S.W. 808; Houston E. & W. T. Ry. Co. v. McHale, 47 Tex.Civ.App. 360, 105 S.W. 1149 (er. den.); St. Louis S. F. & T. Ry. Co. v. Williams, Tex.Civ.App., 104 S.W.2d 103 (er. dis.); Walgreen-Texas Co. v. Shivers, Tex.Civ.App., 169 S.W.2d 271 (er. ref. w. o.m.); Shelly v. City of Austin, 74 Tex.

278

608, 12 S.W. 753; Phoenix Assurance Co. of London v. Stobaugh, Tex.Com.App., 127 Tex. 308, 94 S.W.2d 428. Whether the operation inquired about was reasonably safe under the existing circumstances was not a matter which required expert testimony and the opinion of the witness with respect thereto clearly called for a conclusion on his part which was solely within the province of the jury. His testimony was tantamount to the repetitious expression of his opinion that the operator of appellant's bus was negligent in stopping the bus on the paved portion of the roadway. That was the only controlling issue of primary negligence which the jury found in favor of appellee and consequently, under the record before us, we think the error of the court in improperly admitting the evidence was undoubtedly harmful to appellant.

We do not pass upon points thirteen, fourteen and fifteen in the brief of appellant as the matters therein complained of need not arise upon another trial. Because of the error which we have discussed the judgment appealed from is reversed and the cause is remanded to the court below for a new trial.

Reversed and remanded.