**PHIPPS v. EVANS.**

No. 3068.

Court of Civil Appeals of Texas. Waco.

Feb. 13, 1953.

Rehearing Denied March 12, 1953.

Fitzpatrick & Dunnam and W. V. Dunnam, Jr., Waco, for appellant.

O'Dowd & O'Dowd, Waco, for appellee.

HALE, Justice.

This is a common law action for the recovery of damages on account of personal injuries claimed to have been negligently inflicted upon appellee while he was riding in a truck being driven by J. A. Munos, an employee of appellant. As grounds of the recovery sought, appellee alleged in substance that Munos was driving the truck over a wet and slick highway at a dangerous rate of speed in excess of 60 miles per hour when, as a result of his negligent conduct in the particulars set forth in the petition, Munos caused the truck to turn over, thereby inflicting upon appellee the injuries of which he complained. Appellant answered with denials, general and special, and certain affirmative defenses, including

a plea of contributory negligence based upon allegations to the effect that appellee, with full knowledge of the dangers, if any, of which he complained, failed to protest against the manner in which Munos was driving the truck or to warn the driver of the dangers incident thereto, if any, and that such failure constituted negligence and such negligence proximately caused or contributed to cause the injuries and damages for which recovery was sought.

The case was tried before a jury. Upon the conclusion of the evidence appellant seasonably presented his motion for a directed verdict which was overruled. The case was then submitted to the jury on special issues in response to which the jury found in substance as follows: that Munos, while operating the truck in the course of his employment with appellant, drove the same immediately prior to the collision at a high and excessive rate of speed, to wit: a speed in excess of 45 miles per hour, that he failed to have the truck under proper control and that his conduct in each of these particulars was negligence and a proximate cause of appellee's injuries; that Munos did not fail to keep a proper lookout while operating the truck; that he failed to apply the brakes but such failure was not negligence; that the collision was not the result of an unavoidable accident; that the wet, slippery and slick condition of the pavement on the highway at the time and place of the accident was not the sole proximate cause of appellee's injuries; and that $19,500 was the amount of money which would reasonably compensate appellee for his injuries and damages. The court rendered judgment in favor of appellee for the amount of the found damages and such judgment is now properly before us for review on 57 points of error.

Under points 1 to 15, inclusive, appellant says the court below erred in failing to instruct the jury to return a verdict in his favor. In this connection he contends, among other things, that the evidence as a a whole was insufficient to raise any issue of negligence or proximate cause, that the undisputed evidence showed the accident was unavoidable and was the result of a sudden emergency and that the sole proximate cause thereof was the slick and slippery condition of the road over which the truck was being driven.

It is elemental that when a case is tried before a jury, the trial judge should submit to the jury for its determination all ultimate, controlling issues of fact raised by the pleadings and tendered by the evidence. Furthermore, in passing upon the sufficiency of the evidence to tender issues of primary negligence in a damage suit, such as we are now considering, it is the duty of the courts to view the evidence as a whole and all reasonable inferences and deductions that may properly be drawn therefrom in the light most favorable to the contentions of the injured claimant and if there is any evidence, direct or circumstantial, which, when thus viewed, may serve as the basis for a legal inference of actionable negligence, then the component fact element involved in such issues should be submitted unless the undisputed evidence conclusively establishes the existence of one or more of the affirmative defenses pleaded. Reed v. Markland, Tex.Civ.App., 173 S.W.2d 346, pts. 7–10 (er. ref.); Najera v. Great Atlantic & Pacific Tea Co., 146 Tex. 367, 207 S.W.2d 365; Texas & P. Ry. Co. v. Hagenloh, Tex.Civ.App., 241 S.W.2d 669, pt. 1; Id., Tex.Sup., 247 S.W.2d 236, pt. 1.

Munos and appellee each testified at length as to the facts and circumstances under which this accident occurred. According to their testimony they had gone to Granbury on the morning of February 12, 1952, on a mission for appellant and were returning to Waco over Highway 6 in a 1951 model Chevrolet truck when, at a point about 8 miles from Waco, the truck struck a wet and slippery section of the highway and began to skid, with the result that the driver lost control of the truck and it left the paved portion of the highway and turned over. Munos was driving the truck at and prior to the time of the accident and appellee was riding in the cab thereof, seated to the right of the driver. The accident occurred about 6:30 or 7:00 o'clock in the afternoon. It had been raining on Munos and appellee at intervals prior to the time of the accident,

but it was not raining on them at the time of the accident and the highway over which they were traveling for several miles immediately preceding the time of the accident was dry. It appears that neither Munos nor appellee saw the wet section of the highway which caused the truck to skid until they had entered upon the same.

Munos testified in substance that he was driving the truck in a careful manner as he approached the scene of the accident and was traveling at a speed of 30 or 35 miles per hour when, without any notice or warning to him, the truck suddenly struck a wet and slippery section of the pavement over which he was driving and as a result thereof the truck began to slip and slide and he was unable to stop the same or to control its course or direction. On the other hand, although he stated that the truck suddenly struck a wet and slick spot in the highway and began to slip and slide before it left the highway and turned over, appellee testified that at the time when the truck struck the slippery section of the highway Munos was driving the same at a speed of 60 to 65 miles per hour and had been driving at that speed for quite some time prior to the accident. Appellee further testified in substance that he protested to Munos as to the rate of speed at which he was driving and requested Munos to permit him to do the driving because he "knew at the speed he was running it was going to get off the highway." Munos testified that appellee did not protest to him or warn him of any danger incident to the manner in which he was driving the truck and he denied that appellee offered at any time to drive the truck or requested permission to drive the same.

Appellee and Munos were the only witnesses who testified directly on the issue of speed but several other witnesses who arrived at the scene of the accident shortly after the occurrence thereof testified to the physical facts which they observed. However, without attempting to set forth the physical facts thus established, it must suffice to say that after considering the evidence as a whole in the light most favorable to the contentions of appellee, as it is our duty to do, we have concluded that it was sufficient to carry the case to the jury on the issues of fact which the trial court submitted. Therefore, we hold that the court did not err in refusing to instruct the jury to return its verdict in favor of appellant.

Under other points in his brief, appellant says the trial court erred in failing and refusing to submit to the jury for its determination his affirmative defense of contributory negligence. The record discloses that appellant seasonably requested the court to submit to the jury the issues of fact raised by his plea of contributory negligence and that such requested issues were by the court refused. We think appellant's requested issues relating to his plea of contributory negligence were clearly raised by the evidence to which we have already referred and that the court's refusal to submit any of such issues was prejudicially erroneous unless appellant was deprived of contributory negligence as a defense under the provisions of Title 130, arts. 8306 et seq. of Vernon's Ann.Tex.Civ.Stats., commonly known as the Texas Workmen's Compensation Law, hereafter referred to as the Compensation Act or the Act. Texas Mexican Ry. Co. v. Hoy, Tex.Com.App., 24 S.W.2d 18; Dallas Ry. & Terminal Co. v. Bailey, Tex.Civ.App., 245 S.W.2d 275; Id., Tex.Sup., 250 S.W.2d 379.

The Compensation Act provides, among other things, that in an action to recover damages for personal injuries sustained by an employee *in the course of his employment*, it shall not be a defense that the employee was guilty of contributory negligence. The effect of this provision was to abolish the long established common law defense of contributory negligence in actions to recover damages for personal injuries proximately caused by the negligence of a non-subscriber to the Act who, although eligible to become a subscriber in the manner therein provided for, has failed to do so. However, the provisions of the Act, by its express terms, do not apply to actions to recover damages for personal injuries sustained by certain classes of employees therein specifically enumerated, even though such injuries be sustained in the course of the employment.

This case was tried upon appellee's original petition and appellant's first amended answer. We find no allegation of fact in the pleadings of either party as to whether appellant was or was not a subscriber to the Act or as to whether he was or was not eligible to become a subscriber at any time. We find no reference in the pleadings of either party to the Compensation Act or any of its provisions. We find no evidence which in our opinion can form the basis for a legal inference as to whether appellant was or was not a subscriber to the Act or as to whether he was or was not amenable to its terms and provisions, or as to whether appellee did or did not come within the classes of persons expressly enumerated in section 2 of art. 8306 of the Act. We find no exception by appellee to the plea of contributory negligence interposed by appellant and we find no objection by appellee to the materiality or admissibility of the evidence which was adduced by appellant in support of his plea of contributory negligence. It appears to us from the entire transcript and statement of facts that the cause was tried in the court below upon the theory that it was a common law action in which the question of liability vel non would be determined under applicable common law rules, without regard to any modification thereof by any statutory enactment. Indeed, the opening sentence in the brief of appellant and in the brief of appellee as to the nature of the case begins as follows: "This is a common law action in which appellee, Lonzo Evans, sued appellant * * * for damages."

■ It was not necessary for appellee to allege in his original petition that appellant was not a subscriber to the Compensation Act, or that he was amenable to the provisions thereof, in order to state a cause of action for the recovery of damages on account of personal injuries negligently inflicted upon him within the meaning of the Act. Pullman Co. v. Ransaw, Tex.Com. App., 254 S.W. 763; Eisenberg v. Great Atlantic & Pacific Tea Co., Tex.Civ.App., 169 S.W.2d 221. However, in order to bring his case within the provisions of the Act so as to deprive appellant of contributory negligence as a defense, the burden was undoubtedly upon appellee to establish the fact, both by pleading and proof, that his injuries were sustained while he was acting *in the course of his employment.* Foster v. Carle, Tex.Civ.App., 160 S.W.2d 999 (er. ref.). Appellee alleged such fact in his original petition and he produced evidence tending to establish the same, but the trial court did not submit that issue to the jury and appellee made no request that it be submitted. The court did submit to the jury the issue as to whether Munos was operating the truck in the course of his employment and if the state of the evidence was such as to render that fact issuable, as we think it was, then the alleged fact that appellee was injured in the course of his employment was also issuable under the pleadings and evidence and should have been submitted to the jury if appellee wished to rely upon the same as an ultimate fact element affecting the legal rights of the parties to the suit. Rule 279, T.R.C.P.; Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 77.

■ Furthermore, regardless of whether or not appellee's injuries were in fact sustained in the course of his employment, it appears to us that after appellant had interposed his plea of contributory negligence as a defense to the cause of action asserted by appellee, the latter should have pleaded that appellant, although eligible to become a subscriber to the Act, had failed to do so, or he should have excepted to the sufficiency of appellant's plea of contributory negligence or he should have objected to the materiality and admissibility of the evidence tendering issues of fact under such plea, or he should have taken some action which would put appellant on notice of his contention that appellant was deprived of such defense under the terms of the Compensation Act if he wished thereafter to assert or to rely upon that contention. Smith v. Great Atlantic & Pacific Tea Co., Tex.Civ.App., 100 S.W.2d 1041 (er. dis.); Great West Mill & Elevator Co. v. Hess. Tex.Civ.App., 281 S.W. 234; Breckenridge Ice & Cold Storage Co. v.

Hutchens, Tex.Civ.App., 260 S.W. 684 (er. dis.) ; Dial v. Wilke, Tex.Civ.App., 127 S.W.2d 379 (er. ref.).

From the entire record before us we have concluded that appellant was not deprived of his plea of contributory negligence as a defense under the provisions of the Compensation Act because we cannot say the provisions of the Act were applicable to the cause of action alleged by appellee and established by the evidence and findings of the jury. Therefore, we hold that the trial court erred in refusing to submit to the jury appellant's requested issues relating to that pleaded defense.

We do not deem it necessary to discuss or pass upon the other points of error upon which the appeal is predicated as the errors, if any, therein complained of need not arise upon another trial. Because of the error which we have discussed, the judgment appealed from is reversed and the cause is remanded to the court below for another trial. Reversed and remanded.