**FFP OPERATING PARTNERS, L.P., d/b/a NU–WAY FOOD STORE # 229, Appellant,**

v.

**Carla LOVE, Appellee.**

No. 06–94–00027–CV.

Court of Appeals of Texas, Texarkana.

Argued Sept. 13, 1994.

Decided Sept. 23, 1994.

Donald H. Ray, Lane, Ray, Getchell, Wilson, Fort Worth, for appellant.

Ernest Cochran, Lesher & Cochran, Texarkana, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

OPINION

BLEIL, Justice.

FFP Operating Partners, L.P., d/b/a Nu–Way Food Store # 229, appeals from a judgment awarding Carla Love damages for work-related injuries. On appeal it maintains that the trial court reversibly erred by refusing to instruct the jury panel to disregard a statement made by Love's attorney during voir dire indicating that Love was not covered by any form of workers' compensation. We conclude that there is no reversible error and affirm.

Love was injured while working at a Nu–Way convenience store and brought suit against her employer to recover for her injuries. During voir dire of the jury panel, Love's attorney remarked:

As the Court told you, this is a negligence case, but she was working at the time of this injury, and Carla is not covered by any form of Workman's Compensation Law due to the election of the Defendant, so this is strictly a negligence claim.

Nu–Way's counsel objected to the statement and asked that the jury panel be instructed to disregard the comment. The trial court overruled the objection.

Nu–Way contends that injecting the issue of workers' compensation coverage into the trial was irrelevant and prejudicial and that the trial court erred in not instructing the jury panel to disregard the statement.

Disclosing Nu–Way's nonsubscriber status to the jury was not—at the time of voir dire—relevant to any issue. To mention Nu–Way's decision not to elect coverage under the workers' compensation law was improper unless that was a fact sought to be proved by the plaintiff. The objection and request for an instruction to the jury panel to disregard the statement should have been sustained on the basis that the complained-of statement was not relevant to any issue in this negligence action. Irrelevant evidence is not admissible. Tex.R.Civ.Evid. 402. Therefore, the remark to the jury panel was inappropriate. In this common-law negligence case, while the defendant loses certain of its common-law defenses, the plaintiff must only prove the employer's negligence. Tex.Labor Code Ann. § 406.033(d) (Vernon 1994).

No judgment in a civil case shall be reversed on appeal because of trial court error unless the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause rendition of an improper judgment. Tex.R.App.P. 81(b)(1). In making this determination, the court must review the entire record. *McCraw v. Maris,* 828 S.W.2d 756, 758 (Tex.1992).

Nu–Way brought forth a partial statement of facts in this case that includes only the proceedings during voir dire and the opening statements of counsel. Nu–Way argues that the remark was harmful in that it clouded the issues for the jury and worked injury on Nu–Way as a nonsubscriber. However, without the complete statement of facts, this court cannot review the entire record to find support for Nu–Way's argument of harmful error requiring reversal of the judgment. *See Dennis v. Hulse,* 362 S.W.2d 308, 310 (Tex.1962). The burden is on the appellant or other party seeking review to see that a sufficient record is presented to show error requiring reversal.

TEX.R.APP.P. 50(d). We find nothing in this record which even tends to show that Nu-Way was harmed by the attorney's remark. Nu-Way fails to show error requiring reversal.

We affirm the trial court's judgment.

CORNELIUS, Chief Justice, concurring.

I agree that the judgment should be affirmed, but I do so for different reasons than those stated in the majority opinion.

I cannot agree that merely advising the jury that the plaintiff's employer is a nonsubscriber under the workers' compensation law is improper. In the only two cases that have considered this question, the courts opined that it was not improper to do so *unless* the reference is used as an argument for the jury to punish the employer for failing to subscribe to the law or to overcompensate the plaintiff because she has not received collateral benefits that other workers customarily receive. *Irvan v. Frozen Food Express, Inc.*, 780 F.2d 1228 (5th Cir.1986); *Scottino v. Ledbetter*, 56 S.W.2d 282, 284 (Tex.Civ. App.—Dallas 1933, no writ). Moreover, the fact that the employer is not a subscriber under the workers' compensation law is one of the facts a plaintiff may properly plead and prove in order to successfully sue the employer under common-law negligence principles. *See* TEX.REV.CIV.STAT.ANN. art. 8306, § 4 (current version found at TEX.LA-BOR CODE ANN. § 406.033) (Vernon 1994); *Pullman Co. v. Ransaw*, 254 S.W. 763 (Tex. Comm'n App. 1923, opinion adopted); *Phipps v. Evans*, 255 S.W.2d 893, 897 (Tex.Civ. App.—Waco), *rev'd on other grounds*, 152 Tex. 487, 259 S.W.2d 723 (1953); *Eisenberg v. Great Atlantic & Pacific Tea Co.*, 169 S.W.2d 221, 222 (Tex.Civ.App.—San Antonio 1943, no writ); *Railway Express Agency v. Bannister*, 46 S.W.2d 372, 373 (Tex.Civ. App.—Austin 1932, no writ); *Great West Mill & Elevator Co. v. Hess*, 281 S.W. 234, 237 (Tex.Civ.App.—Amarillo 1926, no writ); *Breckenridge Ice & Cold Storage Co. v. Hutchens*, 260 S.W. 684, 686 (Tex.Civ.App.— San Antonio 1924, writ dism'd). Love did

plead such fact, and Nu-Way did not except to the pleading.[1] It cannot be improper to inform the jury of a fact that constitutes a proper item of proof in the plaintiff's case.

The authorities cited in the majority opinion and relied upon by Nu-Way are not in point. Rule 411 of the Texas Rules of Civil Evidence prohibits the admission of evidence that a person was or was not insured against liability on the issue of whether he acted negligently. The reference in this case was not about insurance, and it was not made in an attempt to show that the employer was negligent. The cases cited and relied on by Nu-Way involve statements or evidence intended to show that a defendant is insured against liability. The statement in this case did not do that. The policy behind the rule against evidence of liability insurance is to avoid a jury's awarding damages against a defendant when they know the defendant will not be required to pay the judgment. That knowledge sometimes produces damage verdicts that are improper or unjustified. No such policy is involved with a reference such as that made in this case.

I agree that Nu-Way has shown no harm from the statement by Love's attorney, but I cannot agree that the statement, standing alone and without additional prejudicial comments, was improper in any sense.

---

1. Nu-Way did file a motion in limine to exclude mention of such fact, but the trial court overruled it as to that fact.