HEMi’inxjj, Oír. J.
The defendant contends in his brief that the demurrer should liave been sustained on the grounds, first, that there was no authority in law authorizing suit to be brought against the Governor of the Slate, the statute permitting suits to be brought against the President of the He.public conferring- no right of action against the State executive. We may remark that no action"was had on (lie demurrer in the court below, and the same might be' considered as waived or abandoned. But if it be admitted that the demurrer had been brought to tito notice of the court and formally overruled, yet títere *26 is no force in the first ground of exception. The statute of April 20th, 18-16, (Art. 2159, Dig..) declares that parties way in all cases commence suits against the Governor or the State of Texas iu which parties hail been authorized by the laws to institute suits against the President of the Republic or against the Republic of Texas.
Tlie second ground iu support of Use demurrer urged by the appellee is that the parties for whose use the suit was brought are nowhere alleged to have ever been citizens of the Republic or State of Texas. Tins objection arises, we presume, from the provision of the section authorizing suits by empresarios, and which declares that neither aliens nor the assignees of aliens shall be entitled to tile benefits of the act.
This is an objection’ which cannot on the pleadings of this court he readied by demurrer. The statute does not require that the plaintiff shall expressly allege that he is a citizen of the Republic or Stale, or that he is not an alien. The grant of authority to empresarios to sue is general. The exclusion of aliens from this right is special. To maintain such action it is not .necessary that the plaintiff'should allege that he does not labor under the disability imposed on acurtaiue.lassof empresarios by the statute. If this disability exist in fact it is matter of defense, and should as such be averred and proven. The petition does not show on its face that it is brought by an alien or the assignee of an alien. The plaintiff, Burnett, the contractor with the government, in whose name this colonization contract, as it appears from the record, was taken out and was progressing to completion, alleges that he is a resident citizen of Texas, and that tiie persons for whose use ho sues are resident citizens of the State of Now York. But the fact of their residence in the State of New York does not make them, at least at the time of bringing this suit, aliens to the State of Texas. They and the persons whom they represent, awl by whose means, efforts, and agency this enterprise was partially performed, may, for aught that appears, have been citizens and residents of Texas at the passage of "the act and for-a long period afterwards. They may not have removed until subsequent to annexation ; and if so they certainly would not at any time have been aliens to the Repnblio or State.
The fact of their present residence iu the State of New York does not, as the defendant contends, necessarily raise tbo presumption that they were aliens to the Republic at the passage of the stalute; snob presumption at most is not conclusive. But this is not a case for presumption or conjecture. If any fact which would have deprived (lie plaintiffs of the benefit of the act existed, it was doubtless susceptible of proof, and might have been established. It is sufficient for the plaintiffs in this ease that on the facts as they appear in the pleading they are not disabled by the statute from bringing the action. The exclusión of alien empresarios or their assignees from the benefit of suit was in accordance with the general policy of the country iu the grant of lands to resident citizens ; but the law does not require an empresario to continually reside in the country. His disability arises from alienage and not the want of continuous residence.
We are of opinion that the demurrer, even if it should not he regarded abandoned, could not have been sustained. On the facts as established by proof the plaintiff was entitled to the judgment of the court. 1-Iis contract and its extension by decree No. 192, the commission to Nixon, and the fact of the introduction of the number of families and single men entitling him to the amount of premium adjudged, were proven fully and by competent evidence.
It is ordered, adjudged, and decreed that the judgment in favor of the plaintiff for eleven leagues and fifteen labors of land be, and the same is hereby, affirmed, and that so much of the judgment of the District Court as authorizes the clerk of the District Court to issue certificates be, and the same is hereby, reversed; and it is further ordered, adjudged, and decreed that the clerk of this court do, in conformity with the act of February 11th, 1S50, issue to the said plaintiff for the use of the said Stephen Whitney, John Haggerty, and Geo. Griswold, eleven certificates for one league of land each, and one certificate for *27 fifteen labors; and that he otherwise proceed in the premises in conformity with law.
Ordered accordingly.
LIPSCOMB, J., did not sit in this case.