DUNAWAY et al. v. AUSTIN ST. RY. CO. et al. (No. 5744.)*

(Court of Civil Appeals of Texas. Austin. April 25, 1917. Rehearing Denied June 6, 1917.)

1. APPEAL AND ERROR ☞1069(1)—HARMLESS ERROR—MISCONDUCT OF JURY.

In action by widow of lineman for death of husband due to touching wire charged with current from the railway power wire, where the jury found the railway to be free of negligence, misconduct of a juror, in stating from his experience as a lineman that the deceased was contributorily negligent, was immaterial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4136.]

2. APPEAL AND ERROR ☞216(1)—SCOPE OF REVIEW — PRESERVATION OF EXCEPTIONS — INSTRUCTIONS.

Where counsel requested the court to submit an instruction to be prepared by the court on a certain issue, but the court indicated that it would not submit any instruction on such issue, counsel's failure to prepare and submit a proper instruction did not waive their right to present the issue.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 630.]

3. APPEAL AND ERROR ☞1069(1)—PREJUDICIAL ERROR—MISCONDUCT OF JUROR.

In action by widow of electric lineman for his death, it was misconduct, requiring reversal, for a juror to say that he had worked as a lineman, and that under the evidence deceased was doing the work the wrong way when injured.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4136.]

4. MASTER AND SERVANT ☞364, 401—INJURIES TO SERVANT—EMPLOYERS' LIABILITY ACTS—CONSTRUCTION.

Employers' Liability Act (Acts 33d Leg. c. 179 [Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz]), applying to all corporations having more than five employés, applies to a city, and it was not incumbent upon widow of deceased workman to show that the city employed more than five persons; but that it did not was a matter of defense to be alleged and proved by the city.

5. MASTER AND SERVANT ☞293(1)—INJURIES TO SERVANT—INSTRUCTIONS.

In action by widow of deceased servant for his death, instead of requiring the jury to find whether or not the employer "and" its agents, servants, and employés were guilty of negligence, the charge should be so framed to require a finding whether or not the employer "or" its agents, servants, or employés, were guilty of negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1148.]

Appeal from District Court, Travis County; George Calhoun, Judge.

Action by Mrs. A. Z. Dunaway and others against the Austin Street Railway Company and the City of Austin. Judgment for defendants, and plaintiffs appeal. Affirmed in part, and in part reversed and remanded.

J. H. McLean, of Llano, and Batts & Brooks, of Austin, for appellants. White,

Cartledge & Wilcox, of Austin, for appellee Austin St. Ry. Co. J. B. Rector, City Atty., and Hart & Patterson, all of Austin, for appellee City of Austin.

KEY, C. J. Mrs. A. Z. Dunaway instituted this suit for her own benefit and the benefit of her minor children, and the mother of her deceased husband, W. E. Dunaway', who while acting as an employé of the city of Austin received injuries which resulted in his death. The suit was brought against the city of Austin, and also against the Austin Street Railway Company; the plaintiff charging that each of the defendants was guilty of certain specified acts of negligence.

Long before the accident which caused the death of W. E. Dunaway, the Street Railway Company constructed a railway line along East Twelfth street, in the city of Austin. The construction was in the following manner: The railway track was located approximately in the center of the street. Over the track and 20 or 30 feet from the ground was suspended the trolly wire which carried the electric current used in propelling the street cars. This trolley wire was supported by means of poles, which were placed opposite each other at intervals along each side of the street, and by guy wires which were stretched across the street from pole to pole and attached to the trolley wire. Some years after the construction of the street railway line, and more than a year before the death of Dunaway, the city of Austin constructed along one side of Twelfth street its electric line carrying three wires, two of them designated as "primary" wires, and the other as an "arc light" wire, which wires were used by the city for the purpose of distributing currents of electricity. · The "arc light" wire was strung on poles running along the side of the street and hung over the support poles of the street car trolley wire, and over the span wires that ran from the latter poles across the street. On the same poles that carried the arc light wire were strung the two primary wires, which constantly carried high-tension electric currents. The arc wire carried over 2,000 volts of electricity.

On the 11th day of May, 1915, about 8 o'clock in the forenoon, the arc light wire of the city that runs along East Twelfth street was reported "hot" and in trouble. This wire does not ordinarily carry a current in the daytime, and was not then in use. On receipt of the report referred to, the city employés took certain steps to ascertain the cause of the trouble, and located and removed it the afternoon of the following day. The trouble was caused by the arc light wire coming in contact with an iron bolt in one of the poles supporting a guy wire of the railway company, which bolt was connected with the guy wire, and it in turn being connected with the grounded trolley wire. A very short time before this trouble was discovered and removed, W. E. Dunaway, while working as a lineman for the city on one of its poles on East Twelfth street, was killed by bringing his body into simultaneous connection with the grounded arc light wire and one of the primary city wires. The city's wires and poles, and the street car company's wires and poles, were placed in such close proximity to each other that the action of the wind and vibration incident to the passing of street cars with their trolley poles straining on the trolley wires would naturally in the course of time produce a loosening of all the poles and wires, and cause the wires to sag, and have a tendency to come in contact with one another.

The case was submitted to a jury upon 27 special issues, and the jury found that neither of the defendants was guilty of negligence as to the issues submitted, and that the deceased was guilty of contributory negligence. The trial court rendered judgment for the defendants, and the plaintiffs have appealed.

[1] After carefully considering all the assignments of error that relate to the judgment in favor of the street railway company, we have concluded that none of them point out a sufficient reason for having that part of the judgment set aside or modified. It is not claimed in appellants' brief that the finding of the jury to the effect that that defendant was not guilty of negligence is not supported by the testimony; nor do we think the court committed such error in submitting that branch of the case to the jury as requires a reversal. Such being the case, if it be conceded, as contended by appellant, that one of the jurors was guilty of misconduct in stating to the jury his experience as a lineman, and how the deceased should have worked on the occasion when he was killed, such misconduct related only to the question of contributory negligence; and, if the verdict is permitted to stand, finding that the street railway company was not guilty of negligence, it is immaterial whether or not the deceased was himself guilty of negligence. If he was entirely free from negligence and exercised the utmost care, still appellant is not entitled to recover from the street railway company unless the latter was guilty of some act of negligence.

As between the other litigants, we have reached the conclusion that reversible error has been pointed out and that the case should be remanded for another trial, and our reasons for that conclusion will be briefly stated.

It was alleged in plaintiffs' petition that the defendant city of Austin, its servants and agents, were guilty of negligence, in that they failed to exercise ordinary care to prevent the arc light wire of the city from sagging and thereby coming in contact with a bolt in a pole of the street railway company,

which bolt, because of defective insulation of the railway company's support wire, and because of defective insulation of the arc light wire, was connected by an electrical conductor with the trolley wire and thereby caused the deadly current from the primary city wire to pass through the body of W. E. Dunaway and kill him, and that the city, its servants and agents, were thereby guilty of negligence, unskillfulness, and default which directly and proximately caused the death of W. E. Dunaway. It is also alleged that the city was guilty of negligence in failing to inspect the arc light wire prior to the death of Dunaway. The plaintiffs also adopted a charge of negligence contained in the cross-action of the street railway company against the city of Austin, wherein it was charged that the city, its agents, servants, and employés, were guilty of negligence in permitting its wires to become loose, slack, sag, and out of place. There was testimony tending to support all of those allegations.

The trial court submitted no issue to the jury relative to the prior negligence of the city in failing to exercise proper care to prevent the dangerous condition the wires were in at the time the accident occurred, but limited the plaintiffs' right to recover to the negligence charged against the city in failing to exercise proper care after the wires became charged with deadly currents, and thereby brought about the dangerous condition.

· When the court's charge was submitted to the plaintiffs' attorneys, they filed written objections thereto, one paragraph of which read as follows:

"Plaintiff respectfully suggests to the court that one of the important and material issues in this case is whether the city of Austin was not guilty of negligence that directly and proximately caused the death of W. E. Dunaway, in so constructing its electrical lines that the arc wire in the ordinary course of operation would come in contact with the metallic conductors of defendant Austin Street Railway Company, and in failing, after the construction of said electric line in said manner to exercise ordinary care to inspect and correct said defective and dangerous construction and plaintiffs therefore request the court to submit to the jury special issues embodying said theory of liability against the defendant city of Austin."

The court overruled and denied that objection and request, for the stated reason that the general charge as framed sufficiently covered the matters referred to, and that action and ruling of the court is assigned as error.

[2] We agree with appellants' counsel that the pleadings and evidence raised the issues of negligence referred to, but have had some doubt as to whether they have waived the right to complain in that respect, by their failure to prepare and present to the court a special charge properly framed for the submission of the issues referred to. It has often been held in this state that failure to charge upon a particular theory presented by the pleadings and evidence does not constitute reversible error, unless the complaining litigant shows that he presented to the court a properly framed charge upon that subject. But notwithstanding that rule, this court has held, though we are unable now to recall the style of the case, that when it is shown by the record that an appellant had verbally requested the court to charge upon a particular subject, and the court held there was no evidence to justify the charge upon that subject, and therefore he would not give any, it was not necessary for the complaining litigant to show that he had presented to the court a written charge upon the subject, and that it had been refused. We think the case at bar is analogous to the one referred to. In other words, in matters of procedure, as well as in many others, the law ought not require any one to do a futile act; and when, as in this case, the trial court has rendered it manifest that he will no further charge upon a particular subject, no matter in what form he may be requested to do so, we think it would be unreasonable and unjust to hold that the complaining litigant has waived his rights upon that subject by not requesting a written charge, which he knew would have been refused.

But this does not dispose of the entire case between the plaintiffs and the city, as the latter has in its favor a finding of the jury that the deceased was guilty of contributory negligence. Appellants' counsel concede that, if the finding referred to is permitted to stand, appellant is not entitled to have the judgment reversed; but they assail that finding upon two grounds, both of which we have concluded must be sustained, and these are: (1) Misconduct of one of the jurors relating to that subject; and (2) that on account of the Employer's Liability Statute contributory negligence is not an absolute defense in this case.

[3] The misconduct of the juror referred to, as shown by undisputed testimony, consisted of his statement to the jury, after he had been elected as its foreman, that he had been a lineman for several years, and served in the same capacity in which the decease was serving at the time of his death, and that the proper way of doing the work the deceased was engaged in was to remain underneath the wires, while the testimony showed that the deceased at the time he was killed was above the wires and working from that position. As to which was the proper way to do the work, there was conflict in the testimony, and we think it is altogether probable that the statement made by the juror referred to had some influence upon other jurors in determining whether or not the deceased was guilty of contributory negligence. Hence we hold that the conduct of the juror, as stated above, was such misconduct as entitled the plaintiff to a new trial, and that the trial court exceeded its discretion when it overruled that contention.

As to the second question, we quote as follows from the Employers' Liability Act

(Acts 33d Leg. c. 179 [Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzzz]), which went into effect September 1, 1913:

"Section 1. In an action to recover damages for personal injuries sustained by an employé in the course of his employment or for death resulting from personal injury so sustained it shall not be a defense: (1) That the employé was guilty of contributory negligence; but in such event the damages shall be diminished in the proportion to the amount of negligence attributable to such employé provided that no such employé who may be injured or killed shall be held to have been guilty of contributory negligence where the violation of such employer of any statute enacted for the safety of the employés contributed to the injury or death of such employé. (2) That the injury was caused by the negligence of a fellow employé. (3) That the employé had assumed the risk of the injury incident to his employment; but such employer may defend in such action on the ground that the injury was caused by the willful intention of the employé to bring about the injury. (4) Provided however in all such actions against an employer who is not an (a) subscriber as defined hereafter in this act it shall be necessary to a recovery for the plaintiff to prove negligence of such employer or some agent or servant of such employer acting within the general scope of his employment.

"Sec. 2. The provisions of this act shall not apply to actions to recover damages for the personal injuries or for death resulting from personal injuries sustained by domestic servants, farm laborers, nor to the employés of any person, firm or corporation operating any railway as a common carrier, nor to laborers engaged in working for a cotton gin, nor to employés of any person, firm or corporation having in his or their employ not more than five employés."

In Middleton v. Texas Light & Power Co. (Sup.) 185 S. W. 556, our Supreme Court sustained the validity of that act, and we sustain the contention of appellants' counsel to the effect that it has application to this case, and we overrule appellee's contention to the effect that before it could be available it was necessary for appellant to allege that the city has in its employ more than five employés.

[4] The city of Austin is chartered by a special law, and, if the courts are not charged as a matter of common knowledge with the fact that the city has more than five employés, that fact was established without objection by the undisputed testimony in this case, and therefore we hold that the statute has application. In fact, we agree with appellants' counsel in the contention that as the city was required to plead contributory negligence as a defense, which is a plea in avoidance, if any one was required to make any averment in the pleadings as to the number of employés, the city, and not the plaintiff, would be required to do so. In other words, the first section of the act when considered by itself destroys absolutely the defenses of fellow servant and assumed risk, and reduces contributory negligence from a complete to a partial defense; while the second section exempts certain classes, including any person, firm, or corporation employing

not more than five employés, from the operation of the first section.

In the case at bar, the city introduced a plea of contributory negligence as an absolute defense to the suit; but such negligence would not have that effect and operate as a complete defense, unless the city was employing not more than five employés, and therefore it would seem that the burden should rest upon the city to allege and prove that fact. Neither party made any allegation in the pleadings upon that subject, but, as said above, the undisputed proof shows that the city was not in that class, because at the time referred to it had in its employ more than five employés; and when the case is tried again, if the proof is the same, the question of contributory negligence should be dealt with as prescribed by the statute. And the same may be said as to the defense of assumed risk.

[5] Appellants' counsel criticizes the conjunctive form in which the court submitted to the jury the issues of negligence charged against the city, and, without making that a ground for reversal, we suggest that upon another trial the charge be so framed as to submit such questions disjunctively. In other words, instead of requiring the jury to find whether or not the city, "and" its agents, servants, and employés, were guilty of negligence, the charge should be so framed as to require a finding as to whether or not the city, "or" its agents, servants, or employés, were guilty, etc.

As between appellants and the Austin Street Railway Company, the judgment of the court below is affirmed; but, as between appellants and the city of Austin, that judgment is reversed, and the cause remanded for another trial.

Affirmed in part, and reversed and remanded in part.