**PULLMAN CO. v. RANSAW. (No. 3224.)**

(Commission of Appeals of Texas, Section A. Oct. 10, 1923.)

Master and servant ⬦➡401—Exemption under Employers' Liability Act must be pleaded and proved by defendant invoking fellow-servant rule.

To obtain benefit of Employers' Liability Act, § 2 (Vernon's Sayles' Ann. Civ. St. 1914, art. 5246hh), exempting from its operation employers having "not more than five employees," such exemption must be pleaded and proved, and the mere failure of plaintiff to negative it will not entitle defendant to an instruction relieving him from liability, if the injury resulted, from the negligence of a fellow servant:

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Proceeding under the Employers' Liability Act by Ben Ransaw, claimant, against the Pullman Company. An award for claimant, after filing of a remittitur, was affirmed by the Court of Civil Appeals (203 S. W. 122), and defendant brings error. Affirmed.

Burges & Burges, of El Paso, for plaintiff in·error.

Will P. Brady, of Los Angeles, Cal., and Earl Anderson, of Phœnix, Ariz., for defendant in error.

GALLAGHER, P. J. Defendant in error, Ben Ransaw, sued plaintiff in error, the Pullman Company, in the district court of El Paso county, for damages for personal injuries suffered by him in the discharge of his duties as porter on one of the company's cars, while standing in the yards at El Paso. He had been instructed to stay on the car, protect it from trespassers, and have it ready to move at any time. The company employed certain watchmen to guard its cars while in the yards, and instructed them to put any person they found therein out of the same, and to turn such person over to the police. The watchmen were Mexicans, and could not speak the English language. Ransaw could neither speak nor understand the Spanish language. The company failed to inform said watchmen that a porter would be found on said car, and that he had a right to be there, and was not to be put

off or arrested. The company also failed to inform Ransaw of the employment of said watchmen or the instructions so given them.

On the night of December 24, 1916, while Ransaw was in his car in the discharge of the duties of his employment, said watchmen found him therein, and in pursuance of their instructions, and in the discharge of the duties of their employment, attempted to put him off said car, and in doing so shot him. Ransaw alleged, among other grounds of recovery, that said shot was the result of the ·negligent and careless manner in which said watchmen handled their pistols in attempting to eject him from said car and place him under arrest. The case was submitted to a jury on a general charge, and a verdict returned in favor of Ransaw. The Court of Civil Appeals required a remittitur of a part of the recovery, and, the same having been made and filed, that court reformed the judgment in accordance therewith and affirmed the same as so reformed. 203 S. W. 122. The Pullman Company applied for a writ of error, which was granted by the Supreme Court on the ground that the decision of the Court of Civil Appeals in this case is in conflict with the decision of the Court of Civil Appeals for the First District in the case of Hodges v. Swastika Oil Co., 185 S. W. 369.

The plaintiff in error, on the trial of the cause, requested the court to charge the jury as follows:

"In this case plaintiff charges in his petition that he was shot by defendant's watchman, intentionally or by accidental discharge of said watchman's gun, by reason of the negligent and careless handling of such gun by the said watchman. Now, if you believe and find from the evidence that plaintiff was shot and received the injury complained of by reason of the careless and negligent manner in which said gun was handled by said watchman, then such carelessness and negligence on the part of the watchman was the negligence of a fellow servant of plaintiff, and for which negligence defendant is not responsible, and you will return a verdict in favor of the defendant."

The court refused said charge, and such refusal was assigned as error in the Court of Civil Appeals. That court overruled said assignment, and such action on its part is the sole ground of complaint in this court. In support of its contention, that the trial court erred in refusing said requested charge, plaintiff in error submits the following proposition:

"In order to have deprived this appellant of its common-law defense, that it was not liable for injuries suffered by reason of the negligence of a fellow servant, plaintiff must have pleaded and proved that appellant came within the class of employers to whom such defense was denied, and, plaintiff having failed so to do, the court erred in not sustaining the exception to the charge of the court presented by appellant, and erred in not giving the requested charge presenting that common-law defense."

Defendant in error, in his petition, alleged facts sufficient to show that the said watchmen were his fellow servants, but made no allegation concerning the number of employees in the service of the company at the time. Plaintiff in error did not raise the issue of its exemption from the operation of the Employers' Liability Act by virtue of the provisions of section 2 thereof and its exemption from liability on the ground that defendant in error's injuries resulted from the negligence of a fellow servant either by demurrer or plea. There is no contention that any of the exceptions named in said section could apply in this case, except the one concerning the employment of not more than five employees. Our original Employers' Liability Act which was in force at the time defendant in error received his injuries, is found in the General Laws of Texas of 1923, p. 429 et seq. (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz). Section 1 of that act (article 5246h), as far as applicable to this case, is as follows:

"In an action to recover damages for personal injuries sustained by an employee in the course of his employment * * * it shall not be a defense: * * *

"2. That the injury was caused by the negligence of a fellow employee. * * *

"4. Provided, however, in all such actions against an employer who is not a subscriber as defined hereafter in this act, it shall be necessary to a recovery for the plaintiff to prove negligence of such employer or some agent or servant of such employer acting within the general scope of his employment."

Section 2 of said act (article 5246hh) reads as follows:

"The provisions of this act shall not apply to actions to recover damages for the personal injuries or for death resulting from personal injuries sustained by domestic servants, farm laborers, nor to the employees of any person, firm or corporation operating any railway as a common carrier, nor to laborers engaged in working for a cotton gin, nor to employees of any person, firm or corporaton having in his or their employ not more than five employees."

Section 3 of said act (article 5246i) provides that employees shall have no right of action against their employers for personal injuries, if such employers have complied with the provisions of said law by becoming "subscribers," as that term is therein defined, but shall be compensated solely as provided in said act.

Section 4 of said act (article 5246ii), as far as applicable in this case, provides that employees whose employers are not subscribers shall be entitled to bring suit and recover judgments against such employers for all damages sustained by reason of any personal injuries received in the course of their

employment, and that the provisions of section 1 of said act shall be applied in all such actions.

[2] The Employers' Liability Act is general in its scope and application. Its purpose is to work an important change in the law in regard to the liability of employers for personal injuries to their employees. It provides for a method of compensation for injuries received by employees in the course of their employment in the nature of accident and casualty insurance. When its provisions have been complied with, such method of compensation is substituted for all damages ordinarily recoverable at common law or by statute on account of injuries sustained by employees as a result of negligence of the employer or any of his servants acting within the scope of their employment. Employers complying with its provisions are relieved of such liability. On the other hand, employers of labor not excepted by the terms of section 2 of said act, who do not become subscribers and comply with its provisions, are amenable to suits for damages recoverable at common law or by statute, on account of personal injuries suffered by their employees in the course of their employment, and are denied the right of making what constitute the common-law defenses thereto; but in such suits no recovery can be had, except upon proof of negligence upon the part of such employer, or an agent or servant of such employer acting within the general scope of his employment. Middleton v. Texas Power & Light Co., 108 Tex. 96, 104–106, 185 S. W. 556.

The statute being general in its terms and defendant in error's petition alleging injuries resulting from the negligence of a fellow servant in an employment not named in section two of said act, and nothing appearing therein concerning the number of employees in the service of plaintiff in error at the time, said petition on its face stated a cause of action. The exclusion of employers having not more than five employees from the operation of the act is a special provision thereof. The number of employees in the service of plaintiff in error at the time of said injury was a matter peculiarly within its own knowledge. Since said petition did not disclose whether plaintiff in error had more than five employees in its service at the time or not, that ground of defense might or might not exist. If such condition did exist, it was a matter of defense to be urged by plaintiff in error and supported by appropriate pleading and proof. It was not necessary in this case for defendant in error to anticipate such defense and negative its application.

There being no pleading that plaintiff in error had not in its employ, at the time defendant in error received the injury complained of, more than five employees, and that on such account it was exempt from the provisions of said act, and entitled to claim exemption from liability on the ground that such injury resulted from the negligence of a fellow servant of defendant in error, and the undisputed proof showing that it had in its service at the time of such injury more than five employees, the trial court did not err in refusing to give said requested charge to the jury. State v. Burnett, 9 Tex. 48, 51; T. & P. Ry. Co. v. Murphy, 46 Tex. 356, 363, 26 Am. Rep. 272; Dunaway v. Austin Street Ry. Co. (Tex. Civ. App.) 195 S. W. 1157, 1160 (writ refused by Commission of Judges, 202 S. W. xvi); Durst v. Swift, 11 Tex. 273, 281; San Antonio Light Publishing Co. v. Lewy, 52 Tex. Civ. App. 22, 113 S. W. 574, 579 (writ refused); San Antonio Light Publishing Co. v. Moore, 46 Tex. Civ. App. 259, 101 S. W. 867, 869; 21 R. C. L. pp. 491, 492, § 55; 31 Cyc. p. 109.

We recommend that the judgment of the Court of Civil Appeals in this cause be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.