LONZO EVANS v. JIM A. PHIPPS, DBA
JIM PHIPPS MEMORIAL COMPANY.

No. A-4093. Decided June 24, 1953.
Rehearing overruled July 22, 1953.
(259 S. W. 2d Series 723)

488

*O'Dowd & O'Dowd,* and *E. H. O'Dowd,* all of Waco and *Richard C. Critz,* of Austin, for petitioner.

The Court of Civil Appeals erred in holding that the trial court erred in refusing defendant's issue of contributory negligence when the undisputed evidence showed that defendant had in its service at the time of plaintiff's injury more than three employees, and there was no pleadings on the part of defendant that it did not have, or that it was exempt from, the provisions of the act, and if such facts did exist they could be raised only by proper pleadings on the part of defendant, and without which there was no error in the trial court refusing the issue of contributory engligence. Dunaway v. Austin, St. Ry. Co. 195 S.W. 1157; Ransaw v. Pullman Co. 254 S.W. 763; Hodges v. Swastiker Oil Co., 185 S.W. 369.

*Fitzpatrick & Dunnam and F. M. Fitzpatrick,* all of Waco, for respondent.

*Mr. Justice Smith* delivered the opinion of the Court.

This is a suit filed by petitioner against the respondent to

recover damages for personal injuries alleged to have been sustained. The petitioner alleged that on the 12th day of February, 1952, the date of the accident involved, he was an employee of the respondent, and that while in the course of his employment, the injuries were sustained by reason of the negligent acts of James A. Munos, an agent, servant and employee of the respondent, who was also acting in the scope of his employment at the time petitioner sustained his alleged injuries.

The case was tried to the Court with the aid of a jury, and the trial court rendered judgment for the petitioner in accordance with the findings of the jury to the issues submitted. The respondent pled that the petitioner was guilty of certain acts of contributory negligence, and it is further claimed that, under the pleadings and the evidence, it was error for the trial court to refuse to submit his requested issues. The Court of Civil Appeals has sustained this contention. 255 S.W. 2d 893, 897. This court has granted a writ of error.

The opinion of the Court of Civil Appeals contains an accurate statement of the nature of the case in a rather detailed statement of the facts. The facts show that, as a matter of law, petitioner was injured while in the course of his employment, and that at the time of the accident, respondent had in his employ more than three employees. The pleadings of the petitioner, as well as the respondent, are silent as to the number of employees. The pleadings are equally silent as to whether or not respondent was a subscriber to the Workmen's Compensation Act, or whether he was eligible or not eligible to become a subscriber.

The sole question for decision is this: Did the trial court err in refusing to submit to the jury the respondent's defensive issues of contributory negligence? The Court of Civil Appeals had held that the action of the trial court in refusing the submission of said issues was error for the reason that "* * * it appears to us that after appellant had interposed his plea of contributory negligence as a defense to the cause of action asserted by appellee, the latter should have pleaded that appellant, although eligible to become a subscriber to the Act, had failed to do so, or he should have excepted to the sufficiency of appellant's plea of contributory negligence or he should have objected to the materiality and admissibility of the evidence tendering issues of fact under such plea, or he should have taken

some action which would put appellant on notice of his contention that appellant was deprived of such defense under the terms of the Compensation Act if he wished thereafter to assert or to rely upon that contention". We cannot agree with this holding. The burden rested on the respondent to plead and prove facts showing that he was exempt from the provisions of the Workmen's Compensation Act, Article 8306, Vernon's Annotated Civil Statutes, and having failed in this respect, and since the evidence is undisputed that respondent had in his employ more than three employees on the date of the accident which resulted in injury to the petitioner, as found by the jury and judgment of the court, the respondent was deprived by the defense of contributory negligence. Pullman v. Ransaw, Texas Com. App., 254 S.W. 763; Dunaway et al v. Austin Street Ry. Co. et al, Texas Civ. App., 195 S.W. 1157, writ refused.

Subdivision 1 of Sec. 1 of Art. 8306, supra, reads as follows:

"In an action to recover damages for personal injuries sustained by an employee in the course of his employment, * * *, it shall not be a defense:

"1. That the employee was guilty of contributory negligence."

This subdivision is involved in the present case, whereas, Subdivision 2 of Sec. 1 of Art. 8306, supra, was involved in the case of Pullman Company v. Ransaw, supra. In that case the Court held that under Subdivision 2 of Sec. 1 of Art. 8306, supra, where the evidence showed that the employer had the requisite number of employees to make it eligible for workmen's compensation insurance, the burden was on the employer to show that he was exempt from its terms before he was entitled to the benefit of a charge submitting the negligence of a fellow employee as a defense. We hold that the rule thus announced is equally applicable to the present case.

The respondent presented 56 points of error in his brief before the Court of Civil Appeals. Many of the points were not considered by that Court. Several points present questions wherein the Court of Civil Appeals has final jurisdiction.

The judgment of the Court of Civil Appeals is reversed,

and the cause remanded to that Court for further consideration in accordance with this opinion.

Opinion delivered June 24, 1953.

Rehearing overruled July 22, 1953.