Oliver Buford CRAWFORD, Appellant,

v.

C. O. DE LONG, Appellee.

No. 10655.

Court of Civil Appeals of Texas.

Austin.

April 22, 1959.

Rehearing Denied May 6, 1959.

Second Motion for Rehearing Denied
May 27, 1959.

**26**

J. Kenneth Brewer, San Antonio, Mark V. Fuchs, New Braunfels, for appellant.

Edward Badouh, Schleyer & Bartram, New Braunfels, for appellee.

HUGHES, Justice.

Appellant Oliver Buford Crawford sued C. O. DeLong for damages for personal injuries sustained by appellant while operating a cotton gin as an employee of appellee Mr. DeLong.

Trial to a jury resulted in verdict and judgment for appellee.

The jury made these findings:

1. The cotton gin was hazardous to operate but appellee did not fail to warn appellant of such hazard.

2. Appellee did not fail to have a proper guard on the mouth of the cotton gin.

3. The mechanism, referred to as the pull-out, on the cotton gin was not defective.

4. Appellee's failure to have a suction device on the cotton gin to suck the cotton into and against the saws was not negligence.

5. The failure of appellee to have a mechanical device on the gin to feed the cotton into the gin was not negligence.

6. Appellee's failure to warn appellant that the electrical switch on the gin would be beyond his reach if his hand became caught in the gin was not negligence.

7. At the time of his injury appellant did not fail to act in a careful and prudent manner having due regard for his own safety.

8. Appellant did not insert his hand in the underside opening of the gin. (An ancillary finding was made, on the assumption of an affirmative answer, that this was not contributory negligence.)

9. Appellant at the time of his injury did not fail to keep a proper lookout for foreign objects as he was feeding cotton into the gin.

10. Appellant assumed the risk of being injured at the time and in the manner he was injured.

11. Appellant sustained damages in the sum of $1,500.

Appellant's first point is to the effect that the Court erred in not submitting to the jury his requested issue inquiring if appellee had in his employ as many as three employees in his mattress business previous to the day appellant was injured and in not defining an employee as an employee is defined in the Workmen's Compensation Act and as suggested by him and in not charging the jury that appellee's wife could be an employee under the Act.

Based on the foregoing appellant contends that the Court erred in submitting to the jury common-law defenses as reflected by the findings of the jury referred to above in our numbered summary of findings seven through ten.

Our workmen's compensation statutes, Art. 8306, Sec. 1, Vernon's Ann.Civ.St., provide, in general, that in suits against an employer for damages for personal injuries sustained by an employee in the course of his employment that the defenses of contributory negligence, negligence of a fellow

employee and assumed risk shall not be allowed but that in suits against an employer who is not a subscriber as defined by the Act "it shall be necessary to a recovery for the plaintiff to prove negligence of such employer or some agent or servant of such employer acting within the general scope of his employment."

Sec. 2 of Art. 8306 provides, in part, that the Act shall not apply to an employer having less than three employees.

Art. 8309, Sec. 1, provides, in part, that an employee "shall mean every person in the service of another under any contract of hire, expressed or implied, oral or written. * * *"

It is undisputed that appellee was not a subscriber under the Act.

It is our opinion that whether appellee was subject to the provisions of the Workmen's Compensation Act by having as many as three employees is wholly immaterial for the reason that both under the express requirement of the Act as well as independently it was incumbent upon appellant to prove negligence of appellee or his authorized agent in order to make a case as pleaded. This he failed to do.

Appellant's point is merely directed to the failure of the Court to submit to the jury his requested issue concerning the number of employees employed by appellee and in submitting issues which should not have been submitted if appellee came under and was subject to the Workmen's Compensation Act. These matters are assigned as errors but there is no assignment to the effect that the impact of these errors affected or in any manner influenced the jury in its no negligence findings. Under these circumstances the errors, if any complained of by appellant under this point, are of a most harmless nature.

The Supreme Court in Texas & Pac. Ry. Co. v. Snider, Tex., 321 S.W.2d 280, loc. cit. 283, in considering the erroneous submission of certain issues having no relation to other issues upon the answers to which a judgment could be based said:

"But the error, if any, in the method of submitting issues covering Snider's breach of common law duties does not require a reversal of the trial court's judgment. The judgment may rest on the jury's answers to Special Issues 26, 27 and 28. The definition of the term 'contributory negligence' has no relationship to those issues. We have no reason to believe that the jury would have answered those issues differently if the definition of 'contributory negligence' had not been included in the charge. Rule 503, Texas Rules of Civil Procedure is therefore applicable and prohibits reversal."

■ Similarly we have no reason to believe that had the Trial Court submitted the requested issue pertaining to the wife's status as an employee and had not submitted the issues relating to common-law defenses that the jury would have answered the issues of primary negligence differently. The unsubmitted issue and the submitted issues about which complaints are made are not so closly related to the issues of primary negligence as to have, in our opinion, influenced answers to them. Rule 434, Texas Rules of Civil Procedure.

■ If, however, we should be required to determine whether or not a wife could be an employee of her husband as an "employer" within the meaning of the words "employer" and "employee" in the Workmen's Compensation Act we would hold that she could not be such an employee. There are at least two reasons for this conclusion.

The mattress business involved here presumptively belongs to the community estate of appellee and his wife, the wife owning one half of it, and is held by her and her husband in a connubial partnership. Magnolia Petroleum Co. v. Still, Tex.Civ.App., Texarkana, 163 S.W.2d 268, writ ref.

Since the wife owns one half of the mattress business and since she is one of

the partners who own it then when she works for or is employed by the partnership she works for herself and it has been held. that a person cannot be both an employer and employee under the Workmen's Compensation Act. Berger v. Fidelity Union Casualty Co., Tex.Civ.App., Galveston, 293 S.W. 235. This case is cited with approval and its principle applied in Southern Surety Co. v. Inabnit, 119 Tex. 67, 24 S.W.2d 375.

■ The second reason for holding that a wife cannot be an employee of her husband as an employer under the Act is that in this State a wife does not have a cause of action against her husband for his commission of a tort (negligence) against her. Nickerson v. Nickerson, 65 Tex. 281, Wilson v. Brown, Tex.Civ.App., Austin, 154 S.W. 322, writ ref. The Act requires proof of negligence in order to recover from a non-subscriber and, as stated, the negligence of the husband does not give the wife a cause of action against him. We find nothing in the Workmen's Compensation Act which evidences an intent to alter this rule of law.

Appellant's second point reads:

"The court erred in refusing the admission of defendant that immediately subsequent to the date of the plaintiff's alleged injury on or about September 17, 1953, defendant became a subscriber to Workman's Compensation Act of Texas as shown by a certified copy of such subscription which admitted that defendant had 'about 2' employees."

Appellant does not give record references to factually support this point and we are doubtful that the record does support it. In any event we hold that reversible error is not asserted by this point in view of our determination that since primary negligence of appellee was not established it is immaterial how many employees he had.

■ Appellant's last point is that the Trial Court erred in not granting a new trial because appellee and his wife in the presence of Mr. Edward Badouh, one of their attorneys, "gave highly prejudicial, irrelevant and unsworn testimony to one of the jurors" in violation of the Court's instructions.

Mr. J. Kenneth Brewer, attorney for appellant, testified on motion for new trial:

"On Thursday, May 22, 1958, during the trial of this case, while the jury was recessed, Mr. Badouh and Mr. Fuchs had argued, and it was time for rebuttal.

"During the recess, the jury was outside in the hall, and I walked out to the drinking fountain, which is through the door on the West entrance to the courthouse, and there at the drinking fountain Mr. Badouh was standing, and Mr. DeLong was standing there, and Mrs. DeLong, and a juror, Engle was standing there, and Mr. DeLong and Mrs. DeLong had Engle, a kind of a big, reddish-faced fellow, talking to him, both of them at the same time.

"I stood there, and Mr. Badouh asked me if I wanted a drink of water. I didn't answer him, but I stood there and stared at DeLong, because he and his wife were talking to the juror, and they were going at a fast rate of speed.

"DeLong glanced at me, just looked at me, and I thought that if I started at him, he would hush and stop talking to the juror.

"The gist of the conversation was, and Mrs. DeLong's conversation was, too, that Mr. DeLong had recently had a heart attack, and this sure was hard on them, and Badouh asked me did I want a drink of water, and I didn't answer him, so he went ahead and drew me a cup of water and handed it to me. All this time Mr. and Mrs. DeLong was talking to the juror Engle."

In our opinion this occurrence does not reflect reversible error. The conversation was, as appellant states, irrelevant. We

do not believe it was prejudicial to the rights of appellant or that it influenced the juror in answering the issues submitted to the jury. The conversation was a "pass the time of day" conversation devoted to a discussion of the health of appellee which his appearance may have prompted. We hold the error, if any, to be harmless under Rule 434, T.R.C.P.

The judgment of the Trial Court is affirmed.

Affirmed.

On Appellant's Motion for Rehearing

Appellant says that Margarito Perez was also an employee of appellee and that he and Mr. Crawford and his son, who were admitted employees, are sufficient to bring appellee under the Workmen's Compensation Act.

We did not discuss the status of Margarito Perez as an employee of appellee in our original opinion. We should have done so even though while eleven pages of appellant's brief is devoted to argument that the wife of appellee was an employee under the Act the following is the whole argument pertaining to Margarito Perez:

"There was direct and positive testimony that on occasions in the past while defendant was working plaintiff and his son Freddie Crawford, he also worked as employees in his mattress factory two persons, one of them named Margarito Perez and the other named Speedy or Alfie Wagner. (S.F. pp. 58–59.) This evidence alone was sufficient to have required the submission of the three employee issue."

Referring to the statement of facts we find that appellant testified that he had worked for appellee for more than a year prior to his injury and "During that time that fellow Margarito Perez worked part time * * *."

"I was back there in the gin and I couldn't see everything that Margarito Perez did. I was enclosed back there.

What I saw him doing, when he came in there, I believe it was garbage day, the day to clean up the trash. He cleaned up the gin at that time and took out some baskets of trash out of the gin while I was there. That is how come me to see him, and I guess otherwise I wouldn't have seen him, because my job was inside the gin."

 It was incumbent on appellant to show that appellee had three or more employees as defined by the Act on the date of his injury in order to show that appellee came within its provisions. Sec. 2, Art. 8306, V.A.C.S. See Evans v. Phipps, 152 Tex. 487, 259 S.W.2d 723.

The above testimony is, in our opinion, wholly insufficient to raise the issue that Perez was an employee of appellee at such time.

The motion is overruled.

Motion overruled.