SAVOY, Judge.
The trial judge, in a well-reasoned opinion, has discussed the facts and law applicable in the instant case, and we hereby adopt his opinion as our own, to-wit:
“The facts of the case show that on August 3, 1970, Earl Landry and the plaintiff were working on an oil rig near Nacog-doches, Texas. After having worked a 12 hour shift which finished at 6:00 A.M., the two men entered a 1964 Chevrolet which was registered in the name of Earl Landry’s mother but which he claimed was his own and it was insured by the defendant. The two men left the job site and went to a restaurant for breakfast. After this with Landry driving, they proceeded to Nacog-doches where they were staying in a rooming house. While en route Mr. Sullivan was asleep in the vehicle. Landry became drowsy but thought that he would not fall asleep; nevertheless, he did. His vehicle *36 crossed the center line of the highway and had a head-on collision with another car. As a result of the collision, Mr. Sullivan was seriously injured.
“The defendant admits that if Sullivan is entitled to recover that he would be entitled to recover the amount of coverage provided for in the policy; that is the sum of $5,000.00. The defendant contends, however, that the laws of Texas should he applied to this case rather than the laws of Louisiana. Under Louisiana law there would be no question but that the plaintiff would recover. However, Texas has a ‘guest passenger’ statute which may prevent Sullivan’s coverage in this case.
“Article 1391 of the Code of Civil Procedure provides that:
“ ‘Every court of this state shall take judicial notice of the common law and statutes of every state, territory and other jurisdictions of the United States.
“In his comments on this article Professor McMahon notes that:
“ ‘The most important procedural change made in this chapter is that made by Article 1391. The latter is the Uniformed Judicial Notice of Foreign Law Act and permits the Courts of Louisiana to take judicial notice of the common law and statutes of the other states and of every territory and other jurisdictions of the United States.’
“There has been submitted to the court copies of decisions and statutes of the laws of Texas.
“In the fairly recent case of Johnson v. St. Paul Mercury Insurance Company, 256 La. 289, 236 So.2d 216 (1970), the Louisiana Supreme Court, in a divided decision, set at rest the question of whether Louisiana law or the law of the state where the accident occurred should apply. In this case, the Supreme Court adopted the consistent application of the Doctrine of Les Loci Delicti which announces that where the action is brought in one jurisdiction for a tort committed in another the rights and liabilities of the parties are determined by the laws of the place where the wrong is committed and not by the laws of the place where the right of action is asserted.
“The State of Texas has a Guest Passenger Law which provides that:
“ ‘No person transported over the public highways of this state by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injuries, death or loss in case of accidents unless such accident shall have been intentional on the part of said owner or operator or caused by his heedlessness or his reckless disregard of others.’
“The cases infer that this heedlessness, et cetera, amounts what we would consider to be gross negligence rather than ordinarily negligence.
“The Texas case of Matlock v. Hooge, et al., 365 S.W.2d 386 ([Tex.Civ.App.] 1963) involves a situation where the driver of an automobile had been driving for some time, had dinner with friends, and offered to give them a ride; he left the restaurant and at 3 :00 in the morning fell asleep at the wheel and had an accident injuring a passenger. The court was called upon to determine whether this was ordinary negligence or gross negligence. If it was gross negligence, then the plaintiffs would recover against the driver; however, if it was ordinary negligence, then the plaintiff could not recover. The Court said:
“ ‘The record conclusively shows that the only negligence Pattillo (the driver) was guilty of was falling asleep while driving at about 3:00 in the morning. Such negligence is ordinary negligence and does not constitute gross negligence. Wood v. Orts, 182 S.W.2d 139; Napier v. Mooneyham, 94 S.W.2d 564; Kaplan v. *37 Kaplan, 213 Iowa 646, 239 N.W. 682; 28 ALR 2d, Section 32, T. [p.] 60. The records show that Pattillo was not guilty of willfulness, heedlessness or recklessness and therefore the trial court properly granted appellee’s motion for a summary judgment.’
“In the case at bar, this court concludes that the falling asleep of Landry at the wheel of the car, even though he noticed he was sleepy, constitutes ordinary negligence and not gross negligence. Since Landry was not grossly negligent in causing the accident, the Texas Guest Passenger Statute applies and there can be no recovery on behalf of the plaintiff, Ronald Patrick Sullivan.”
For the reasons assigned the judgment of the district court is affirmed at appellant’s costs.
Affirmed.