CULPEPPER, Judge.
Mrs. Birdie Romero seeks damages for personal injuries sustained in an automobile accident which occurred in the State of Texas. She was a guest passenger in an automobile being driven by her husband, Gilbert Romero, whose gross negligence is alleged to have been the cause of the accident. Their legal domicile is in the State of Louisiana, where the present suit was instituted against the husband’s liability insurer under our direct action statute. After defendant’s exceptions of no right and no cause of action were overruled, the case was tried on its merits and judgment rendered for the plaintiff. Defendant appealed.
We find the decisive issue is what state law applies, Texas or Louisiana. Under Texas law, a wife does not have a cause of action in tort against her husband, Crawford v. De Long, 324 S.W.2d 25 (Tex.Civ.App.1959), and no direct action statute allows her to sue her husband’s automobile liability insurer. Under Louisiana law, a wife can bring a direct action against her husband’s insurer under LSA-R.S. 22:655.
The conflict of laws issue presented here is controlled by the recent case of Johnson v. St. Paul Mercury Insurance Company, 256 La. 289, 236 So.2d 216 (1970). In that case the plaintiff guest passenger and her host driver were both domiciled in Louisiana. The accident occurred in Arkansas, where a guest statute requipes willful and wanton negligence on the part of the host. Plaintiff’s petition alleged only ordinary negligence. Under the lex loci delicti doctrine, the trial court applied the guest statute of Arkansas and denied recovery. The Court of Appeal refused to apply the law of the state where the wrong was committed. It applied the law of the forum, under certain conflicts of laws theories such as “minimum contacts”, “center of gravity” and “grouping of contacts.” Our Supreme Court, although with two strong dissents, reversed the Court of Appeal and reinstated the trial court judgment.
In Johnson, our Supreme Court followed the prior jurisprudence of this state applying lex loci delicti in tort cases. The majority flatly rejected the arguments that the law of the forum should apply since both the guest and the host driver lived in the forum state.
Among the many cases cited with approval in Johnson is Burke v. Massachusetts Bonding & Insurance Company, 209 La. 495, 24 So.2d 875 (1946), which, as the present case, involved a wife suing her husband’s insurer in Louisiana for a tort committed in another state (Mississippi). The court held:
“Where the action is brought in one jurisdiction for a tort committed in anoth *260 er the rights and liabilities of the parties are determined by the laws of the place where the wrong is committed and not by the laws of the place where the right of action is asserted. 11 Amer.Juc., sec. 490, p. 182; American Law Institute, Conflict of Laws, sec. 384, p. 470. In the latter comprehensive work the rule is concisely stated as follows: ‘If no cause of action is created at the place of wrong, no recovery in tort can be had in any other state.’ We must therefore look to the laws of Mississippi where plaintiff’s injury occurred and not to the laws of Louisiana where the plaintiff’s suit was brought in order to determine plaintiff’s rights.”
In Johnson, our Supreme Court also cited with approval the case of Nicholson v. Atlas Assurance Corp., La.App., 156 So.2d 245 (4th Cir. 1963), writ denied 245 La. 461, 158 So.2d 612 for the reason, “We find no error of law in the judgment of the Court of Appeal.” The Nicholson case also involved the identical issue presented here, i. e., a wife suing her husband’s insurer in Louisiana for a tort committed in Mississippi. Following Burke, the court held she had no cause of action in Mississippi, and hence could have none in Louisiana.
In the Johnson case, supra, our Supreme Court again expressly holds that our direct action statute cannot create a cause of action in the forum state where none exists in the state where the wrong was committed. The court said:
“Existence of liability insurance ought not to create a cause of action where none exists otherwise. A policy of insurance protects against claims legally asserted, but does not itself produce liability.”
* * * * *
“Essentially, plaintiff cannot recover in tort unless he has been given by some law a cause of action in tort; and this cause of action can be given only by the law of the place where the tort is committed. That is the place where the injurious event occurs, and the law of that place applies.”
Conceding that Johnson v. St. Paul Mercury Insurance Company, supra, is controlling here, plaintiff cites Lederle v. United Services Automobile Association, 394 S.W.2d 31 (Tex.Civ.App.1965) for its holding that: “In our opinion the law of the domicile of husband and wife, (in the instant case that of Louisiana), controls the question of the husband’s immunity from tort liability,” This decision of the Court of Civil Appeals of Texas was vacated and the case dismissed by the Supreme Court of Texas, 400 S.W.2d 749 (1966). Hence, the decision is of no effect.
Plaintiff also makes the general policy argument that since both plaintiff and her husband are residents of the State of Louisiana our laws should control these issues which have arisen between them. This is essentially the same argument which was made in Johnson and rejected by our Supreme Court.
Finally, plaintiff argues that under Webb v. Zurich Insurance Company, 251 La. 558, 205 So.2d 398 (1968) a wife may sue her husband’s liability insurer in a direct action for damages sustained as a result of a tort committed outside the State of Louisiana. Of course, this is correct, provided the wife has the right to sue her husband in the state in which the tort was committed. In the Webb case the tort occurred in Michigan and no issue was raised as to the rights of plaintiffs to sue defendants in that state. The only issue in Webb was whether our direct action statute extends to torts committed outside the state of Louisiana, as well as those committed in this state. The court held that it does. The effect of Webb, in the situation where plaintiff has no right to sue in the other state where the accident occurred, was thoroughly considered in the Johnson case. The court held, as set out above, that where plaintiff has no cause of action in the state where the tort took place, he can have none in any other state.
*261 We know that on May 18, 1972 our Supreme Court granted writs in Sullivan v. Hardware Mutual Casualty Company, et al., La.App., 260 So.2d 35 (3d Cir. 1972), the last case in which we followed Johnson. It may be that our highest court is going to reconsider and reverse its holding. But until it does, we are bound by its latest decision.
For the reasons assigned, the judgment appealed is reversed and set aside. Judgment is now rendered in favor of defendant dismissing plaintiff’s suit at her costs. All costs of this appeal are assessed against the plaintiff appellant.
Reversed and rendered.