EVERETT, Judge.
This is a suit for personal injuries filed by Willmon H. Magee against Allstate Insurance Company in the Twenty-second Judicial District Court for the Parish of Washington. It is alleged that petitioner and his wife, residents of Bogalusa, Louisiana, were involved in an automobile accident in Walthall County, Mississippi. Petitioner was a guest passenger in the family owned pick-up truck being driven by his wife, Myrtle L. Magee. Suit was filed under the Direct Action Statute against Allstate in the State of Louisiana.
An Exception of No Cause or Right of Action was filed on behalf of the defendant, contending that under Mississippi law a husband does not have either a cause or a right of action against his wife and, consequently, he has no right to sue the insurance carrier.
The trial judge, without assigning written reasons for judgment, maintained the exception and dismissed the plaintiff’s suit with prejudice at his costs. A devolutive appeal was taken to this court.
We affirm the decision of the district court.
It is argued by the appellant that, as a result of LSA-R.S. 22:655 and the in-surance contract between Mr. Magee and Allstate, substantive rights have been conferred on Mr. Magee in Louisiana, thereby negating the Mississippi law that is set forth in Ensminger v. Ensminger, 222 Miss. 799, 77 So.2d 308 (1955), i. e. that under Mississippi law there is no liability as between husband and wife for a personal tort against the other. We reject this argument. The case of Johnson v. St. Paul Mercury Insurance Company, et al, 256 La. 289, 236 So.2d 216 (1970) was presented with the identical question and held that the rights and liabilities of the parties are determined by the laws of the place where the wrong was committed. It is the doctrine of lex loci delicti. The court held in the Johnson case that the existence of a liability insurance policy does not create a cause of action where none exists otherwise. A person can not recover in tort unless he has been given by some law a cause of action in tort and this cause of action can be' given only by the law of the place where the tort was committed. Here, there is no cause of action in Mississippi so there can be none in Louisiana.
We think the Johnson case, supra, is controlling here and has to be followed. In the case of Romero v. State Farm Mutual Automobile Insurance Company, 264 So.2d 258 (1972), the Third Circuit Court of Appeal followed the holding in the Johnson case where facts were similar. The court made this observation which ought to be noted:
“We know that on May 18, 1972 our Supreme Court granted writs in Sullivan v. Hardware Mutual Casualty Company, et al., La.App., 260 So.2d 35 (3d Cir. 1972), the last case in which we followed Johnson. It may be that our highest court is going to reconsider and reverse its holding. But until it does, we are bound by its latest decision.”
In dismissing plaintiff’s suit the judgment was silent on medical payments due under the contractual provisions of the insurance policy. This, admitted by all, was mere in *754 advertence. This case ought to be remanded for a determination of the amount due.
For these reasons, the judgment of the lower court is amended so as to allow a determination of the medical payments and, as amended, affirmed.
Costs to be paid by plaintiff-appellant.
Affirmed, as amended, and remanded.